**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.G.M.L., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NOEM, *et al.*<br><br>Defendants. | Case No. 1:25-cv-02942<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR PROVISIONAL CLASS CERTIFICATION** |

## INTRODUCTION

Plaintiffs seek class certification pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.1(b) of a class of all Guatemalan unaccompanied minors in ORR custody who are not subject to an executable final order of removal. Counsel intends to file shortly a declaration regarding class counsel. In the interest of time given the exigent circumstances of the imminent hearing, Plaintiffs file the motion without the declaration.

Plaintiffs easily satisfy the Rule 23 requirements for class certification. *First*, the proposed class is numerous and consists of hundreds of children across the country who will imminently be summarily removed to Guatemala. *Second*, the proposed class members share common questions of law and fact because the members of the class are subject to a common practice: summary removal without proceedings before an immigration judge. This suit also raises questions of law common to members of the proposed class, including whether the administration's plans violate the TVPRA, the INA, the Fifth Amendment, and the Equal

Protection Clause. *Third*, the claims of the Class Representative Plaintiffs are typical of the claims of the class. Each proposed class member, including Class Representative Plaintiffs, faces the same principal injury (summary removal to Guatemala without proceedings before an immigration judge), based on the same government practice (the administration's attempts to remove hundreds of Guatemalan unaccompanied minors), which is unlawful as to the entire class because it violates statutory and constitutional protections. *Fourth*, the class representatives and their experienced counsel will fairly and adequately protect class interests as well as vigorously prosecute the action on behalf of the class.

Finally, certification is warranted under Rule 23(b)(2) because Defendants are acting in the same manner with respect to the class of detained immigrant children in their custody, such that a declaration and injunction with respect to the whole class is appropriate. Alternatively, certification under Rule 23(b)(1) is warranted because bringing separate actions by individual detained immigrant children is impracticable and would risk inconsistent outcomes and incompatible standards of conduct for Defendants.

The court should certify the proposed class and appoint class counsel to uniformly resolve the legality of Defendants' conduct. Class certification is likewise appropriate in order to provide uniform relief for the hundreds of children currently at risk of imminent unlawful summary removal to Guatemala.

## FACTUAL BACKGROUND

Plaintiffs incorporate by reference the facts submitted in the Complaint. ECF No. 1. Briefly, the ten putative class representatives like the rest of the Guatemalan unaccompanied children in ORR custody have been prepared for removal or are at imminent risk of being prepared for removal to Guatemala without final orders of removal by an Immigration judge.

Many have expressed fear of return. Many have or had pending immigration cases in immigration court. All are at risk of unlawful summary removal and harm in their country of origin.

**STANDARD OF REVIEW**

Class actions in federal court are governed by Federal Rule of Civil Procedure 23. Class certification demands a "rigorous analysis" under Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). The issue at this stage is not, however, whether Plaintiffs can or have proven the elements of their claims on the merits. *See Lewis v. U.S. Parole Comm'n,* 743 F. Supp. 3d 181, 194 n.3 (D.D.C. 2024) ("If some objective legal standard applies in common to the entire class and will be dispositive of each plaintiff's success on the merits, plaintiffs need not prove that standard is met at the class certification stage."); *see also Nat'l ATM Council v. Visa, Inc*., No. 21-7109, 2023 WL 4743013, at *5 (D.D.C. 2023) (probing merits of plaintiffs' claims permissible "insofar as necessary to ensure that the Rule 23 requirements are met"). Instead, class certification focuses on the nature of the issues and whether common proof can resolve them.

Federal Rule of Civil Procedure 23 requires a party moving for class certification to first satisfy four prerequisites: (1) the class must be so numerous that joinder of all the members is impracticable ("numerosity"); (2) there must be questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ("typicality"); and (4) the representative parties must fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a)(1)–(4); *see Brown v. District of Columbia*, 928 F.3d 1070, 1079 (D.C. Cir. 2019).

A class that meets all the requirements of Rule 23(a) should be certified if "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Certification is proper under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see Wal-Mart*, 564 U.S. at 360; *Brown*, 928 F.3d at 1082. The Court must appoint class counsel upon certifying a class. Fed. R. Civ. P. 23(g).

Finally, a class may be provisionally certified in conjunction with a motion for preliminary injunction "to achieve meaningful relief with respect to [an] allegedly unlawful policy." *Damus v. Nielsen*, 313 F.Supp.3d 317, 329 (D.D.C. 2018). This Court has repeatedly granted provisional class certifications for the purposes of preliminary injunctive relief. *See, e.g.*, *Kirwa v. U.S. Dept. of Defense*, 285 F. Supp. 3d 21, 44 (D.D.C. 2017); *Feng Wang v. Pompeo*, 354 F. Supp. 3d 13, 16 n.1 (D.D.C. 2018). Like class certification, provisional class certification requires Plaintiffs to satisfy the requirements of Federal Rule of Civil Procedure 23, with the understanding that the certification may be "altered or amended" before a decision on the merits of the claims. *R.I.L-R. v. Johnson*, 80 F. Supp. 3d 164, 179–80 (D.D.C. 2015) (citing *Berge v. United States*, 949 F. Supp. 2d 36, 49 (D.D.C. 2013)); *see also P.J.E.S. by and through Escobar Francisco v. Wolf*, 502 F. Supp. 3d 492, 530–31 (D.D.C. 2020) (listing cases).

## ARGUMENT

### The Proposed Class Members Are So Numerous That Joinder Is Impracticable

A proposed class must be "so numerous that joinder of all members is impracticable."

Fed. R. Civ. P. 23(a)(1). "Impracticability of joinder means only that it is difficult or inconvenient to join all class members, not that it is impossible to do so." *Coleman through Bunn v. District of Columbia*, 306 F.R.D. 68, 76 (D.D.C. 2015) (citing *Bond v. Fleet Bank (RI), N.A.*, No. 1-177, 2002 WL 31500393, at *4 (D.R.I. Oct. 10, 2002)). There is no minimum threshold number of members making joinder impracticable, but "'[i]n this district, courts have found that numerosity is satisfied when a proposed class has at least forty members.'" *Charles H. v. District of Columbia*, No. 21-cv-00997-CJN, 2021 WL 2946127, at *13 (D.D.C. June 16, 2021) (citations omitted). Notably, "the Court need only find an approximation of the size of the class, not an exact number of putative class members." *Id.* at 76 (internal quotation marks and citations omitted). Plaintiffs must provide "some evidentiary basis beyond a bare allegation"[1] of a sufficiently numerous class, but the court may draw "reasonable inferences from the facts presented to find the requisite numerosity." *Id.* (citing *McCuin v. Sec'y of Health & Hum. Servs.*, 817 F.2d 161, 167 (1st Cir. 1987)).

The proposed class is sufficiently numerous. Hundreds of Guatemalan unaccompanied minors in government custody across the country will potentially be subjected to summary removal under the Trump administration's plans. Over 100 are boarding or boarded a plane for removal.

Based on this information, the Court can easily conclude that the number of Guatemalan unaccompanied children in ORR custody without a final order of removal at risk of summary removal to Guatemala is sufficiently large to satisfy the numerosity requirement. *See, e.g.*,

[1] Plaintiffs may satisfy this evidentiary basis by relying upon a government agency's own records, as well as any expert affidavits. *See Garza v. Hargan*, 304 F. Supp. 3d 145, 155 (D.D.C. 2018), *aff'd in part, vacated in part on other grounds, sub nom. J.D. v. Azar*, 925 F.3d 1291 (D.C. Cir. 2019); *Hoyte v. District of Columbia,* 325 F.R.D. 485, 492, 495–96 (D.D.C. 2017).

*P.J.E.S.*, 502 F. Supp. 3d at 531 (relying on government and news reports of the number of immigrant children apprehended or expelled together with a much smaller number children identified by counsel as having been subjected to the policy at issue). *See also J.D. v. Azar*, 925 F.3d 1291, 1323 (D.C. Cir. 2019) (assessing "non-numerical considerations that might make joinder impracticable, including the fluidity of ORR custody, the dispersion of class members across the country, and their limited resources."); *see also D.L. v. District of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013), *vacated on other grounds*, 713 F.3d 120 (D.C. Cir. 2013).

Additionally, the class members' inherent vulnerability as minors in federal custody who are dependent on adults and have no independent financial resources also make joinder impracticable. *See D.L.*, 302 F.R.D. at 11; *Coleman*, 306 F.R.D. at 80. Unaccompanied children are held in hundreds of facilities funded by ORR spanning across more than a dozen states,[2] reflecting a vast "geographic dispersion of class members." *Coleman*, 306 F.R.D. at 80; *see also Garza,* 304 F. Supp. 3d at 157 (finding joinder impractical "especially given that the proposed class members are undocumented minors who are geographically dispersed and who are not at liberty—financially or otherwise—to move or act at will inside the United States."). Accordingly, the proposed class satisfies the numerosity requirement of Rule 23(a)(1).

**The Proposed Class Presents Common Questions of Law and Fact**

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class," or commonality. Fed. R. Civ. P. 23(a)(2). To establish commonality, class members must have "suffered the same injury," and the class claims must "depend on a common contention" that "is capable of classwide resolution—which means that determination of its truth or falsity will

[2] Office of Refugee Resettlement, *Unaccompanied Alien Children Bureau Fact Sheet* (Apr. 4, 2025), *archived at* https://perma.cc/S68K-5283.

resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart,* 564 U.S. at 350. "The touchstone of the commonality inquiry is 'the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Coleman*, 306 F.R.D. at 82 (quoting *Wal-Mart*, 564 U.S. at 390 (internal citations omitted) (emphasis in original)). "[E]ven a single common question will do." *Wal-Mart*, 564 U.S. at 359 (internal quotation marks, alterations, and citations omitted).

Courts have consistently held that "commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all putative class members." *Thorpe v. District of Columbia*, 303 F.R.D. 120, 147 (D.D.C. 2014), *aff'd sub nom. In re District of Columbia*, 792 F.3d 96 (D.C. Cir. 2015); s*ee also R.I.L-R*, 80 F. Supp. 3d at 181 ("commonality is satisfied where there is 'a uniform policy or practice that affects all class members.'"); *P.J.E.S.*, 502 F.Supp.3d at 532 (commonality means that "if any person in the class has a meritorious claim, they all do.").

"Factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members." *Bynum v. District of Columbia*, 214 F.R.D. 27, 33 (D.D.C. 2003); *see also Coleman*, 306 F.R.D. at 83; *Afghan & Iraqi Allies v. Pompeo*, 334 F.R.D. 449, 459 (D.D.C. 2020) (certifying a class where "the factual variations among the class members . . . are not fatal to commonality because they do not undermine the class's common characteristics") (internal citations omitted); *S.R. by and through Rosenbauer v. Penn. Dep't of Human Servs.*, 325 F.R.D. 103, 108–09 (M.D. Pa. 2018) (rejecting argument that the "individualized nature of placement and service decisions for each child in the dependency and delinquency systems makes classwide

resolution impossible" because the "putative class seeks declaratory and injunctive relief to address systemic deficiencies").

Here, the members of the class are subject to a common practice: summary removal without proceedings before an immigration judge. This suit also raises questions of law common to members of the proposed class, including whether the administration's plans violate the TVPRA, the INA, the Fifth Amendment, and the Equal Protection Clause. This "system-wide" action affects "all putative classmembers." *Thorpe*, 303 F.R.D. at 147. The resolution of these questions is a prerequisite to any challenge to individual summary removals, and each of these questions can be resolved for the "class as a whole." *Wal-Mart*, 564 U.S. at 360.

Furthermore, courts have found that plaintiffs asserting that an agency has failed to follow its own regulations (*Accardi* claims), as Plaintiffs do here, meet the commonality requirement because the question of whether agencies are complying with their own binding policies inherently raises common legal and factual questions. *See, e.g.*, *Damus*, 313 F. Supp. 3d at 332 (plaintiffs alleging violation of *Accardi* doctrine satisfied commonality requirement because allegation that ICE officers violated an agency rule to provide individualized parole determinations generated common question of law and fact); *Mons v. McAleenan*, No. 19-1593 (JEB), 2019 WL 4225322, at *9–10 (D.D.C. Sept. 5, 2019) (same). Plaintiffs' *Accardi* claim, alleging that Defendants are violating their obligations under the Foundational Rule, similarly generate common questions of law and fact in satisfaction of the commonality requirement.

Similar classes have been certified by other district courts. *E.g.*, *Lucas R. v. Azar*, Case No. CV 18-5741-DMG (PLAx), 2018 WL 7200716, at *17 (C.D. Cal. Dec. 27, 2018) (certifying a class of unaccompanied children "whom ORR is refusing or will refuse to release to parents or other available custodians within thirty days of the proposed custodian's submitting a complete

family reunification packet on the ground that the proposed custodian is or may be unfit"); *see also*, Class Cert. Order, *J.E.C.M. v. Hayes*, No. 1:19-cv-903 (E.D. Va. Apr. 26, 2019), ECF No. 138, *amended by* ECF No. 149 (E.D. Va. May 2, 2019) (certifying a class of unaccompanied children held in ORR custody for 60 days or more whose sponsor initiated the sponsorship process and the children were not released to the sponsor). Here, the proposed class likewise satisfies the commonality requirement of Rule 23(a)(2).

**Plaintiffs' Claims Are Typical of the Claims of the Members of the Proposed Class**

Typicality exists when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart*, 564 U.S. at 349. "A class representative satisfies the typicality requirement if the representative's claims are based on the same legal theory as the claims of the other class members and her injuries arise from the same course of conduct that gives rise to the other class members' claims." *Coleman*, 306 F.R.D. at 83 (quoting *Bynum*, 214 F.R.D. at 35). This alignment of legal theory and course of conduct occurs when, as here, "the plaintiffs' claims all arise from a common statutory background and raise identical legal questions." *Id.*

Neither the claims nor the relevant facts need to be identical across class members to maintain typicality, which "refers to the nature of the claims of the representative, not the individual characteristics of the plaintiff." *Garnett v. Zeilinger*, 301 F. Supp. 3d 199, 209 (D.D.C. 2018) (quoting *Hoyte*, 325 F.R.D. at 490); *see Wagner v. Taylor*, 836 F.2d 578, 591 (D.C. Cir. 1987) ("Courts have held that typicality is not destroyed by 'factual variations.'") (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977)); *J.D.*, 925 F.3d at 1322 ("[T]o

destroy typicality, a distinction must differentiate the 'claims or defenses' of representatives from those of the class.") (citation omitted) (emphasis omitted).

Plaintiffs' claims here are typical of the proposed class members' claims. Each proposed class member, including Class Representative Plaintiffs, faces the same principal injury (summary removal to Guatemala without proceedings before an immigration judge), based on the same government practice (the administration's attempts to remove hundreds of Guatemalan unaccompanied minors), which is unlawful as to the entire class because it violates statutory and constitutional protections.

Plaintiffs' claims are also based on the same legal theory as all proposed class members' claims: —that Defendants have violated the Fifth Amendment of the Constitution (Equal Protection and Due Process), the TVPRA (8 U.S.C. § 1232(a)(5)(D) and 1232(c)(5), their own regulations (*Accardi* Doctrine), the INA (8 U.S.C. § 1101, *et seq.*), and the FARRA (8 U.S.C. § 1231.

Thus, Plaintiffs' claims are "sufficiently interrelated with the class claims to protect absent class members." *R.I.L-R*, 80 F. Supp. 3d at 181; *see also Damus*, 313 F. Supp. 3d at 334 (finding typicality requirement satisfied where named plaintiff challenged ICE violation of policy requiring individualized parole determinations for asylum seekers in custody); *Lucas R.*, 2018 WL 7200716 (finding typicality where ORR refused to release named plaintiffs to their sponsors without notice and an opportunity to be heard regarding their sponsors' suitability). Therefore, the proposed class satisfies the typicality requirement of Rule 23(a)(3).

**Plaintiffs Will Adequately Protect the Interests of the Proposed Class and Counsel are Qualified to Litigate this Action**

Finally, Rule 23(a) requires that the representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Two criteria for determining the

adequacy of representation are generally recognized: (1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 41 (D.D.C. 2017) (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575–76 (D.C. Cir. 1997)). Plaintiffs easily meet both requirements.

First, Plaintiffs have no antagonistic or conflicting interests with the proposed class members' interests. As discussed, Plaintiffs assert the same legal claims as the proposed class members. Plaintiffs aim to secure injunctive and declaratory relief that will ensure all proposed class members are afforded their statutory and constitutional rights, as outlined in the Complaint. Where, as here, Plaintiffs seek "identical relief for all class members," they do not have conflicting interests. *P.J.E.S.*, 502 F.Supp.3d at 532.

Second, Plaintiffs are competent to represent the class. Adequacy "does not require either that the proposed class representatives have legal knowledge or a complete understanding of the representative's role in class litigation." *Garnett*, 301 F. Supp. 3d at 210 (citation omitted). It only requires that the named plaintiff have "some rudimentary knowledge of [their] role as . . . class representative[s] and [be] committed to serving in that role in litigation." *Id*. (citation omitted). In addition, class counsel are qualified and able to vigorously prosecute the interests of the class. Class counsel are not conflicted, they have no interests or commitments that are antagonistic to, or that would detract from, their efforts to seek a favorable decision for the class. Class counsel have extensive experience litigating complex federal class actions, administrative law, and immigration law. *See Coleman*, 306 F.R.D. at 84 (finding adequacy when class counsel has extensive experience litigating class actions); *Healthy Futures of Tex. v. U.S. Dep't of Health*

*& Hum. Servs.,* 326 F.R.D. 1, 7–8 (D.D.C. 2018) (same). Accordingly, this aspect of Rule 23(a)(4) is also satisfied.

**Class Certification Under Rule 23(b)(2) is Appropriate**

Plaintiffs seek to certify this class under Rule 23(b)(2), which requires that defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). As the Supreme Court noted in *Wal-Mart*, "'[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of what (b)(2) is meant to capture." 564 U.S. at 361 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). This Circuit has described a Rule 23(b)(2) action as an efficient and consolidated way to address systemic harms that are best remedied with an injunction, particularly in civil rights cases like this one. *See D.L.*, 860 F.3d at 726 ("Rule 23(b)(2) exists so that parties and courts, especially in civil rights cases like this, can avoid piecemeal litigation when common claims arise from systemic harms that demand injunctive relief").

"The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Coleman*, 306 F.R.D. at 84 (quoting *Wal-Mart*, 564 U.S. at 360). Although the injunction must provide relief to each class member, "[i]f a certain outcome is legally mandated and an injunction provides each member of the class an increased opportunity to achieve that outcome, Rule 23(b)(2) is satisfied." *Brown*, 928 F.3d at 1082–83; *see also P.J.E.S.*, 502 F. Supp. 3d at 534 (D.D.C. 2018) (provisionally approving class of unaccompanied children seeking class-wide relief to enjoin enforcement of Title 42 immigration restrictions against them).

Courts in this District have interpreted Rule 23(b)(2) to impose two requirements: "(1) the defendant's action or refusal to act must be generally applicable to the class, and (2) plaintiff must seek final injunctive relief or corresponding declaratory relief on behalf of the class." *Steele v. United States*, 159 F. Supp. 3d 73, 81 (D.D.C. 2016) (quotations and citations omitted); *Bynum*, 214 F.R.D. at 37; *R.I.L-R*, 80 F. Supp. 3d at 182.

Both requirements are satisfied here. Defendants have acted (or will act) on grounds generally applicable to the class by subjecting them to summary removal rather than affording them the protection of immigration laws. Injunctive and declaratory relief is therefore appropriate with respect to the class as a whole.

Additionally, a declaration that Defendants' conduct is unlawful and an injunction directing Defendants not to remove any class member for 14 days would benefit the whole class by allowing the Court the time necessary to evaluate and resolve, at least preliminarily, the Plaintiffs' claims. Therefore, the Court should find that the proposed class meets Rule 23(b)(2)'s requirements.

**The Proposed Class is Sufficiently Definite and Ascertainable**

The D.C. Circuit has not yet decided whether Rule 23(b)(2) requires that a class be ascertainable. *See J.D.*, 925 F.3d at 1319–20 (noting conflict in decisions of sister circuits); *see also Ramirez v. U.S. Immigr. & Customs Enf't*, 338 F. Supp. 3d 1, 48 (D.D.C. 2018) ("it is far from clear that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification"). Courts that apply such a requirement in addition to the Rule 23 requirements have considered whether the class is "clearly defined" and "sufficiently ascertainable"—in other words, that the class exists, and that it is "administratively feasible for the Court to determine whether a particular individual is

a member" of the class. *Huashan Zhang v. U.S. Citizenship & Immigr. Servs.,* 344 F. Supp. 3d 32, 61–62 (D.D.C. 2018), *aff'd*, 978 F.3d 1314 (D.C. Cir. 2020) (quoting *Pigford v. Glickman*, 182 F.R.D. 341, 346 (D.D.C. 1998)); *see also Thorpe*, 303 F.R.D. at 139.

In Rule 23(b)(2) classes, such as this one, where plaintiffs only seek an injunction and notice is not required, "precise ascertainability" is not required. *D.L.*, 302 F.R.D. at 17 (quoting William B. Rubenstein et al., *Newberg and Rubenstein on Class Actions* § 3:7 (5th ed.)). Rule 23(b)(2) classes are sufficiently ascertainable "as long as plaintiffs can establish the existence of a class and propose a class definition that accurately articulates the general demarcations of the class of individuals who are being harmed by the alleged deficiencies." *Thorpe*, 303 F.R.D. at 139 (internal citations and quotation marks omitted). It must also be "administratively feasible" to determine who is in the proposed class—that is, counsel and putative class members should be able to determine who is in the class "simply by reading the [class] definition." *Coleman*, 306 F.R.D. at 75 (internal citations omitted) (alteration in original).

If ascertainability is required here, the proposed class easily meets that standard. A proposed class member is an unaccompanied child who is or will be in the custody of HHS, Guatemalan nationality, who does not have a final order of removal issued by an immigration judge. Thus, "simply by reading the [class] definition," children in the custody of ORR will be able to determine whether they are class members. *See, e.g., Coleman*, 306 F.R.D. at 75.

The proposed class consists entirely of children known to Defendants, who are in Defendants' custody. Furthermore, Defendants possess data that could be readily used to identify the children in its custody, and Defendants have in fact already compiled a list of class members they intend to summarily remove. Any future class members will be known to Defendants when they are taken into Defendants' custody. For these reasons, the proposed

class is "adequately defined" and "sufficiently ascertainable." *Huashan Zhang*, 344 F. Supp. 3d at 61–62.

**Alternatively, Class Certification is Appropriate Under Rule 23(b)(1)(A)**

Alternatively, the class can be certified under Rule 23(b)(1)(A). A class that meets all the requirements of Rule 23(a) should be certified if "prosecuting separate actions by or against individual class members would create a risk of: [] an inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). Certification is appropriate when "the class seeks injunctive or declaratory relief to change an alleged ongoing course of conduct" that is "illegal as to all members of the class." *Nio v. U.S. Dep't of Homeland Sec.*, 323 F.R.D. 28, 34 (D.D.C. 2017) (internal citation omitted). Rule 23(a)(1) prevents inconsistent or varying adjudications that "would impair the opposing party's ability to pursue a uniform continuing course of conduct." *See Franklin v. Barry*, 909 F. Supp. 21, 31 (D.D.C. 1995) (granting certification under Rule 23(b)(1)(A) to avoid a "haunting specter of inconsistency, resulting in incompatible standards for prison officials" in their treatment of prisoners); *Larionoff v. United States*, 533 F.2d 1167, 1181 n.36 (D.C. Cir. 1976) (certifying a class under Rule 23(b)(1)(A) because the prosecution of separate actions by or against members of the class would create a risk of inconsistency and incompatible standards of conduct.).

Certification under 23(b)(1)(A) is appropriate here. Plaintiffs are attempting to secure injunctive and declaratory relief to change a uniform course of conduct that is illegal as to all proposed class members. Individual prosecution of claims will risk inconsistent results across jurisdictions in which children are held or transferred to or from ORR custody. Defendants would then face inconsistent judgments as to the legality of summary removal of Guatemalan

children in their care. Therefore, the Court should find that the proposed class meets Rule 23(b)(1)(A)'s requirements.

**The Court Should Designate Plaintiffs' Counsel as Class Counsel**

If the Court grants Plaintiffs' motion to certify the class, the Court must also appoint class counsel. Fed. R. Civ. P. 23(g). The Court is tasked with weighing "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). It may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Plaintiffs' counsel meets the standard. Plaintiffs are represented collectively by the National Immigration Law Center. Attorneys are seasoned litigators, with substantial experience in class action lawsuits, administrative law litigation, complex cases in federal court on behalf of noncitizens. Counsel have already invested "substantial time and resources to identifying and investigating potential claims in the action" and will continue to do so. *See Encinas v. J.J. Drywall Corp*., 265 F.R.D. 3, 9 (D.D.C. 2010). Accordingly, Plaintiffs' counsel should be designated as counsel for the class.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), certify a class consisting of: all Guatemalan unaccompanied minors in ORR custody who are not subject to an executable final order of removal.

Dated: August 31, 2025

Respectfully submitted,

/s/ Hilda Bonilla

Hilda Bonilla (D.C. Bar No. 90023968)
Efren Olivares*
Lynn Damiano Pearson*
Kevin Siegel*
NATIONAL IMMIGRATION LAW CENTER
1101 14th Street, Suite 410
Washington, D.C. 20005
Tel: (213) 639-3900
Fax: (213) 639-3911
bonilla@nilc.org
olivares@nilc.org
damianopearson@nilc.org
siegel@nilc.org

*Counsel for Plaintiffs*
**Pro Hac Vice application forthcoming*