# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.G.M.L., *et al.*,<br><br>       Plaintiffs,<br><br>       v.<br><br>Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*, *et al.*<br><br>       Defendants. | Case No. 1:25-cv-02942-TJK |

# DEFENDANTS' OPPOSITION TO
# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND ....................................................................................................................... 2

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

      I.      Plaintiffs fail to show any of the elements required for certification under either Rule 23(b)(1) or (2).............................................................................................. 4

      II.     Certification under Rule 23(b)(1) is independently foreclosed because there is no risk of inconsistent adjudications or standards of conduct. ................................. 13

      III.    Certification under Rule 23(b)(2) is independently foreclosed because the conduct at issue can be enjoined as to the named plaintiffs alone...................................... 15

      IV.    If the Court were to certify a class at this stage, it should do so provisionally and permit more fulsome briefing on class certification in the future........................ 16

CONCLUSION....................................................................................................................... 16

**INTRODUCTION**

Plaintiffs seek to certify a nationwide class of minors days after they filed their complaint. In that time, their views of the appropriate class definition and legal basis for class certification have shifted. But both at the outset of the case and now, plaintiffs' motion plainly seeks to evade the Supreme Court's limitations on universal preliminary injunctions, without the "scrupulous adherence" to the "rigors" of Rule 23 that remains necessary even at the preliminary-injunction stage. *CASA, Inc. v. Trump*, 145 S. Ct. 2540, 2566 (2025) (Alito, J., concurring). The Court should deny the motion at this early stage.

The core class action requirements are not met here because individual factual issues—including the interests of parents, children, and governments with sovereign interests in the wellbeing of children who are in their temporary custody, or who are their citizens—will frequently control and defeat commonality. Class treatment is inappropriate in this circumstance, and a class-wide injunction that could harm many class members is particularly inappropriate. On the specific class action requirements, Plaintiffs have not shown that there are a sufficient number of minors who object to ORR authority to reunify with parents abroad in appropriate cases so as to make joinder impracticable. This reality underscores the individualized nature of Plaintiffs' claims: if this authority is enjoined on a class-wide basis, many minors may be injured due to delays in being reunited with their parents. Similar concerns are also fatal for showing commonality in the claims for relief, that plaintiffs have claims that are typical of other children in ORR care far from their parents, and that plaintiffs can be adequate representatives of this class given that there are likely intractable conflicts. Plaintiffs also have not shown they are adequate class representatives, nor have they properly filed this action under Rule 17(c) since they are minors.

Independently, even if Rule 23(a) were satisfied, Plaintiffs cannot satisfy the requirements for certification under Rule 23(b)(1)(A) or (b)(2). Rule 23(b)(1)(A) certification is inapposite

because there is no risk that the government will be subject to incompatible requirements for its conduct absent class certification. The Government could comply with preliminary relief or a final judgment limited to specific UACs without encountering any conflict with other court orders or obligations with respect to other specific UACs. And Rule 23(b)(2) certification is inapposite for the same reason, as well as because the government has not acted with respect to all putative class members pursuant to a single course of conduct that is susceptible to relief via a single injunction or declaration. The Court should deny the motion.

## BACKGROUND

On August 31, plaintiffs filed this case and filed motions for a temporary restraining order and for class certification. Dkt. 1, 2, 6. The same day, the Court entered a temporary restraining order on behalf of the putative class and held a hearing. *See* Dkt. 12. On September 3, plaintiffs moved for a preliminary injunction. Dkt. 20.

In their complaint, plaintiffs sought certification of a class of "all Guatemalan unaccompanied minors in ORR custody who are not subject to an executable final order of removal," under Federal Rule of Civil Procedure 23(b)(2). Dkt. 1 at ¶¶ 71-72. In their motion for class certification, plaintiffs sought certification of an identically defined class under Federal Rule of Civil Procedure 23(b)(2) as well as Rule 23(b)(1)(A). Dkt. 6 at 1-2. Most recently, in their motion for a preliminary injunction, plaintiffs indicated that they intend to narrow their requested class definition to exclude "children with Voluntary Departure granted by an immigration judge." Dkt. 20-1 at 2 n.1.

## LEGAL STANDARD

The class action "is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To fall within this narrow

exception, Plaintiffs must "affirmatively demonstrate" their compliance with each element of Rule 23—"that is, [they] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350; *see also McCarthy v. Kleindienst*, 741 F.2d 1406, 1414 n. 9 (D.C. Cir. 1984) ("It is the party seeking class certification that bears the burden of establishing the class action requirements."). This is not a "mere pleading standard." *Id.* "[A]ctual, not presumed, conformance" with Rule 23 is "indispensable," *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982), and certification is proper only if the Court is satisfied "after a rigorous analysis" that Plaintiffs have shown that each requirement of the Rules has been met. *Wal-Mart*, 564 U.S. at 350–51.

Thus, Plaintiffs must demonstrate each element of Rule 23(a) is met: (1) the class is so numerous that joinder is impractical ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the Named Plaintiffs are typical of claims or defenses of the class ("typicality"); and (4) the Named Plaintiffs and counsel will fairly and adequately protect the interests of the class ("adequacy of representation"). Fed. R. Civ. P. 23(a). To satisfy the commonality element, identifying one or more common questions is not enough. "It is not the raising of common 'questions'—even in droves—but rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation" that makes a case appropriate for class treatment. *Wal-Mart*, 564 U.S. at 350 (emphasis in original).

In addition to meeting the requirements set forth in Rule 23(a), the proposed class must also qualify under Rule 23(b)(1), (2), or (3). *AmChem Prods. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs seek certification under Federal Rule of Civil Procedure 23(b)(1)(A), which permits certification where "prosecuting separate actions by or against individual class members would create a risk of … inconsistent or varying adjudications with respect to individual class members

3

that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1).

Plaintiffs also seek certification under Federal Rule of Civil Procedure 23(b)(2), which permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the individual nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360.

## ARGUMENT

### I.   Plaintiffs fail to show any of the elements required for certification under either Rule 23(b)(1) or (2).

Federal Rule of Civil Procedure 23(a) requires putative class representatives to show that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Here, the class fails to meet each of those requirements.

**A.** Plaintiffs have not established numerosity for the proposed class. Plaintiffs must show that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). Instead, they have shown at most that the 10 individual plaintiffs object to reunification with their parents under the 6 U.S.C. § 279 and related authorities. That is plainly insufficient, and illustrative of why class treatment is inappropriate here. Many Guatemalan children may benefit from the exercise of ORR's Title 6 reunification authority. In other words, where possible, they should be

in the custody of their parents, not the U.S. Government. Indeed, over a generation of class-based litigation has sought exactly that outcome, *see Flores v. Reno*, 507 U.S. 292, 294 (1993) (here "a class of alien juveniles . . . contend that the Constitution . . . require[s] them to be released into the custody" of caregivers). Here, Plaintiffs seek to certify a class to ask for the opposite: an order that would require UACs to continue to be held in U.S. custody rather than reunified with parents. They have not shown that anyone, other than certain individual named Plaintiffs, seeks this result.

Further, it is not enough to simply say there are many Guatemalan children in ORR custody (ECF 6 at 5). *See J.D. v. Azar*, 925 F.3d 1291, 1322 (D.C. Cir. 2019) (considering whether numerosity is satisfied for narrower class defined as those actually interested in class-wide relief); *see also Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174, 191 (D.D.C. 2017) (class definition may be fatally overbroad if it "sweeps within it persons who could not have been injured by the defendant's conduct") (quoting *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009)). But that is all that plaintiffs have thus far attempted to show.

**B.** Commonality is also lacking because individual issues dominate. The Supreme Court has cautioned that the commonality language in Rule 23 "is easy to misread, since any competently crafted class complaint literally raises common questions." *Wal-Mart*, 564 U.S. at 349. Again, the key inquiry is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350 (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 131–32 (2009)). Thus, although "[t]he existence of shared legal issues with divergent factual predicates is sufficient [to establish commonality]," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1996), commonality cannot be established where there is variation requiring individual adjudications of each class member's claims. *Nguyen v. Kissinger*, 70 F.R.D. 656, 663-64 (N.D. Cal. 1976). Indeed, "[d]issimilarities within the proposed

class are what have the potential to impede the generation of common answers." *Wal-Mart*, 564 U.S. at 350 (internal quotations omitted).

The commonality requirement is especially rigorous when applied to a class that seeks certification under Rule 23(b)(2), where class members cannot opt out once the class is certified. *See, e.g., Jennings v. Rodriguez*, 583 U.S. 281, 313 (2018) (remanding immigration detention case to the Ninth Circuit to determine whether plaintiffs were entitled to class-wide relief and noting that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class" with respect to their constitutional due process claims). Plaintiffs seeking class certification under Rule 23(b)(2) must show that the challenged conduct is "such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360. Therefore, Plaintiffs have the burden of demonstrating that the factual differences among the proposed class members are unlikely to affect the individual's entitlement to relief. *See In re Google AdWords Litigation*, No. 5:08-cv-3369-EJD, 2012 WL 28068, *14 (N.D. Cal. Jan. 5, 2012) ("the question of which advertisers among the hundreds of thousands of proposed class members are even entitled to restitution would require individual inquiries"). If the factual differences have the likelihood of changing the outcome of the legal issue, then class certification is not appropriate.

Plaintiffs argue that they satisfy the commonality requirement because they are all "subject to a common practice: summary removal without proceedings before an immigration judge." ECF 6 at 1, 8. But a single judgment ruling this practice unlawful would harm some or all class members, and therefore would not "provide relief to each member of the class." *Jennings*, 583 U.S. at 313. The theme of the TVPRA is prompt reunification of children with parents, and the provisions being invoked by Defendants are designed to achieve that end by allowing the efficient

6

reunification of children with their parents in their home country, as Congress expressly authorized. *See* 8 U.S.C. § 1232(a)(1); *see also* 6 U.S.C. § 279(b)(1)(H) (directing ORR to "reunit[e] unaccompanied alien children with a parent abroad in appropriate cases"). In other cases, minors in immigration custody have pressed for prompt reunification and release. *See Flores*, 507 U.S. at 294; ECF 6 at 9 (citing *J.E.C.M. v. Hayes*, No. 19-903 (E.D. Va)), a class action where minors sought expedited release to sponsors). Enjoining a provision that facilitates prompt reunification will not provide relief to everyone Plaintiffs seek to include in the class—some of whom will greatly benefit from prompt reunification with parents or legal guardians. Attempting to remove one tool from the statutory scheme to achieve that end will fail to provide relief to every member of the class.

Nor is there a single action by ORR that can be held lawful or unlawful with respect to all putative class members at once. Every parental reunification follows an individualized determination by ORR that it is in the best interest of the child, after considering a range of factors. ECF 35-1 (Salazar Decl. ¶¶ 6, 10-12). Many members of the putative class defined by Plaintiffs are screened out of Title 6 reunification by one or more of ORR's rigorous criteria, meaning they have *no* risk of experiencing the challenged action. Id. ¶ 10. And class members may have a range of views on which reunification provisions will be most beneficial. Parents, who seem to have no role under Plaintiff's proposal, are also likely to have views that will create distinct factual issues in every case and are likely to be in tension with the views of the children. *See Flores*, 507 U.S. at 304 (in cases involving custody and care of children, "their interests conflict in varying degrees with the interests of others" and it is well established that parents who can provide "adequate[]" care have a recognized role that should not be overridden).

7

Those factbound (and fact-intensive) issues regarding best interest of the child and who makes that judgment, consent, whether the parent speaks for the child, what the parent and child want, the key role of the parent in the structuring of care responsibilities, the role of these decisionmakers in the relevant process, and how to resolve any conflicts, present variations that are material to plaintiffs' claims, including the core claim that seeks to extinguish an important authority designed to facilitate prompt reunification of parents and children as well as the due process claim. These differences should preclude certification and require individual litigation to the extent relevant.

Plaintiffs concede that putative class members will have different legal claims with regard to the issue of repatriation. In the class certification motion, Plaintiffs say only that "many" will have fear-based claims (ECF 6 at 3). We stress that ORR's criteria for identifying "appropriate" cases for reuniting Guatemalan UACs with their parents in Guatemala includes a requirement that, as verified by the Department of Homeland Security (which is tasked in the first instance with resolving asylum requests), that the UAC has no pending credible fear claim. ECF 35-1 (Salazar Decl. ¶ 10). And only some of the named Plaintiffs have alleged some sort of fear in conclusory declarations. Thus, even under Plaintiffs' theory, the legal issues will differ based on the existence of and nature and strength of those individualized legal and factual claims. *See* ECF 20-1 at 24-25.

Further, each reunification is an individualized determination made by the Office of Refugee Resettlement, and in coordination with other agencies to ascertain whether any legal requirements (e.g., pending removal proceedings or credible fear claims) would militate against reunification abroad. *See* ECF 35-1 (Salazar Decl. ¶¶ 10-11). Those decisions weigh a range of factors that will operate differently for each class member. Those factual differences preclude class

treatment because no single order can address the proper application of the relevant standards to individual cases.

Class treatment—or a class-wide order—is likewise not a viable means of contesting the process due to individual UACs with varying statuses and connections to the United States. *See Jennings*, 583 U.S. at 314 (questioning whether class treatment could go forward on due process claims because "[d]ue process is flexible" and it "calls for such procedural protections as the particular situation demands") (internal quotations omitted); Dkt. 20-4 at ¶¶ 25-31 (identifying variations in statuses and connections to the United States among a subset of Guatemalan UACs).

Finally, there are no common questions on the alleged irreparable harm, which is essential before a Court provides class-wide injunctive relief. *See* Fed. R. Civ. P. 23(b)(2) ("final injunctive relief" must be "appropriate respecting the class as a whole"); *see also Just Film, Inc. v. Merch. Servs., Inc.*, 474 F. App'x 493, 495 (9th Cir. 2012) (to obtain class-wide injunction would show that "class-wide injunction is necessary to remedy the alleged class-wide harm"). Plaintiffs urge in their Complaint that "Plaintiffs will suffer grievous and irreparable injury" if reunified with parents in Guatemala. But again, many putative class members face no prospect of Title 6 reunification, and even for those who are eligible for reunification, whether there is irreparable injury – or any injury – will differ for each class member. Indeed, the notion that reunification with parents causes uniform classwide "grievous . . . injury" only underscores the reality that individual issues predominate and many members of the class will not suffer injuries anything like those alleged by the lawyers purportedly on behalf of the named children plaintiffs. Class-wide preliminary relief is therefore not appropriate. *See Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174, 191 (D.D.C. 2017) (class definition may be fatally overbroad if it "sweeps within it persons

who could not have been injured by the defendant's conduct") (quoting *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009)).

**C.** The proposed classes likewise fail to meet the typicality requirement for reasons similar to those that doom commonality. The commonality and typicality requirements of Rule 23(a) are interrelated and, in some instances, merge. *Wal-Mart*, 564 U.S. at 349 n.5. "Both [requirements] serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* To establish typicality, Plaintiffs must show "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). The typicality requirement is not met if the proposed class representatives are subject to unique defenses. *Id.*

Because Plaintiffs' individual circumstances are too varied to satisfy the commonality requirement, Plaintiffs are similarly unable to satisfy Rule 23(a)(3). *See Romberio v. UnumProvident Corp.*, 385 Fed. Appx. 423, 432 (6th Cir. 2009) (where "individualized assessments are necessary" the class fails on typicality under Rule 23(a)(3)). More specifically, the injuries alleged by the named Plaintiffs likely differ from unnamed class members—many of whom either are not eligible for Title 6 reunification and do not face a prospect of reunification at all, or, on the other hand, may benefit from prompt reunification with parents and be injured by delays in reunification that would be caused by a classwide, no-opt-out injunction barring use of the most efficient reunification authority. And, to reiterate, reunification under Section

10

279(b)(1)(H) is accomplished only after an individualized determination by ORR that considers these very issues. ECF 35-1 (Salazar Decl. ¶¶ 10-12); *see* Complaint (Claims 2-8).

Moreover, the named Plaintiffs have not shown that their claims are typical of the class members who are eligible for Title 6 reunification because the named Plaintiffs have not established that ORR has deemed them are eligible for Title 6 reunification or intends to exercise its reunification authority with respect to them. Just one named Plaintiff was set to depart for reunification on August 31, and as best as ORR can determine at this time, five of the ten named plaintiffs were screened out as ineligible for Title 6 reunification. ECF 35-1 (Salazar Decl. ¶¶ 12, 25). Plaintiffs have failed to carry their burden to affirmatively show that their claims are typical of those of the class members they seek to represent.

**D.** There are severe representation issues both respect to the Plaintiffs' individual claims, and their adequacy as class representatives.

First, at the time the Court granted universal interim relief, none of the named plaintiffs had alleged or stated that they would serve as class representative. A "class representative (i) must not have antagonistic or conflicting interests with the unnamed members of the class and (ii) must appear able to vigorously prosecute the interests of the class through qualified counsel." *J.D.*, 925 F.3d at 1312. A class cannot be certified without an adequate representative, and the representative must freely take on that obligation. Here, the motion for class certification identified no class representative, and provided no declaratory support to indicate that any Plaintiff has "some rudimentary knowledge of [their] role as . . . class representative." *Garnett*, 301 F. Supp. 3d at 210.

Plaintiffs have now submitted boilerplate declarations signed by several Plaintiffs indicating a willingness to serve as class representatives. ECF 29. But even these declarations are insufficient—they repeat identical form language and do not show even a rudimentary knowledge

11

of their role, a concern that is heightened in a class led by children and where potential conflicts with parental interests by representatives and class members are likely to loom large and could shift views on the relevant issues. As such, there is nothing to support a conclusion that these representatives would "vigorously prosecute the interests of the class." *J.D.*, 925 F.3d at 1312.

Second, the minor plaintiffs are not properly before the court. Federal Rule of Civil Procedure 17(c) governs actions brought on behalf of minors. It requires that suit be brought by certain "representatives" such as a "general guardian" or by "a next friend or . . . guardian ad litem." The D.C. Circuit has held that to "determine whether a person may proceed as next friend to a minor, we examine the relationship between the proposed next friend and minor." *Muthana v. Pompeo*, 985 F.3d 893, 901-02 (D.C. Cir. 2021). There "must ordinarily be a significant relationship between the proposed next friend and minor." *Id*. A "close relative is a natural fit." *Id*.

Plaintiffs' Complaint cites the Young Center for Children's Rights (Young Center) as the "next friend" for all of the Plaintiffs. But Plaintiffs provide no evidence that the Young Center has any role or relationship with the minor Plaintiffs in this case. *See* ECF 20-4 (Young Center Declaration). And it is notable that the many of the children who are Plaintiffs appear to be in regular contact with their parents in Guatemala, yet they do not endeavor to serve as next friends for their children. *See* ECF 20 (parental declarations); *Muthana*, 985 F.3d at 901. The Young Center also has not provided evidence of appointment as a guardian ad litem or any other formal role in the care of the Plaintiffs. *See* Fed. R. Civ. P. 17(c)(1). As such, the Young Center cannot properly serve as next friend for the minor Plaintiffs in this matter.

Third, there is too high a risk that the class representatives "have antagonistic or conflicting interests with the unnamed members of the class." *Twelve John Does*, 117 F.3d at 575 (quoting *Nat'l Ass'n of Regional Med. Programs*, 551 F.2d at 345). As we have explained, many class

members may benefit or seek to benefit from the reunification provisions that the class is challenging—those provisions allow for prompt reunification at the behest of ORR, which is looking out for the best interest of the children in their care. That is an unavoidable "conflict[] of interest between named parties and the class they seek to represent" for purposes of Rule 23(a)(4)'s adequacy standard. *Amchem*, 521 U.S. at 625. This is a case where the challenge brought by the class representatives might "ultimately impede their ability" to obtain prompt reunification or the related benefits provided by Section 279(b)(1)(H). *J.D.*, 925 F.3d at 1314; *see id.* at 1214-15 ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted— the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (quoting *Wal-Mart*, 564 U.S. at 360). This is a case where some class members "ha[ve] a concrete interest in preserving a means" for reunification with parents and therefore a "'conflict between the interest of the putative representative and members of the class.'" *Id*. at 1317 (quoting *Mayfield v. Dalton*, 109 F.3d 1423, 1427 (9th Cir. 1997)); *Spano*, 633 F.3d at 587 (finding representatives inadequate because the class was defined "so broadly that some members will actually be harmed by [the] relief" sought in the action).

## II.    Certification under Rule 23(b)(1) is independently foreclosed because there is no risk of inconsistent adjudications or standards of conduct.

Plaintiffs seek certification of a class under Rule 23(b)(1)(A), which permits class certification when "inconsistent or varying adjudications with respect to individual class members" risks "establish[ing] incompatible standards of conduct for" the government. Plaintiffs do not seek certification under Rule 23(b)(1)(B).

"Rule 23(b)(1)(A) is satisfied only if inconsistent judgments in separate suits would place the party opposing the class in the position of being unable to comply with one judgment without violating the terms of another judgment." 5 Moore's Federal Practice, § 23.41[2][a] (internal

footnotes omitted); *see, e.g.*, *Daskalea v. Wash. Humane Soc'y*, 275 F.R.D. 346, 365 (D.D.C. 2011); *Harris v. Koenig*, 271 F.R.D. 383, 394 (D.D.C. 2010). Plaintiffs identify no circumstances that give rise to such a risk if class certification is denied here and individual plaintiffs proceed in individual actions.

Nor is any such risk apparent. If the named plaintiffs were to obtain a preliminary injunction or judgment in their favor, the government would be able to comply with that judgment with respect to the named plaintiffs without changing its conduct with respect to every putative class member. That is the norm when it comes to party-specific relief post-*Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), and plaintiffs identify nothing about this case that suggests it is an unusual exception to that normal default in which relief can operate on only the immediate parties presently in the case.

This case is thus unlike cases in which Rule 23(b)(1) certification is available, such as those in which adjudication with respect to a single party necessarily controls the claims of others, *Chesemore v. Alliance Holdings, Inc.*, 276 F.R.D. 506, 517 (W.D. Wis. 2011) (relief in ERISA case would "affect the rights of all participants as a practical matter, because stock or money recovered for the Trachte ESOP will be paid into the plan"), or where the defendant has a legal obligation to treat all members of a group consistently, *Larionoff v. United States*, 533 F.2d 1167, 1181 n.36 (D.C. Cir. 1976); *Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002). Where, as here, the government can comply with a judgment or order with respect to the named plaintiffs only, Rule 23(b)(1)(A) certification is inappropriate. *See, e.g.*, *Gaffney v. United States*, 834 F. Supp. 1, 6 (D.D.C. 1993).

Plaintiffs' argument in favor of Rule 23(b)(1) certification amounts to an invitation to transparently evade the Supreme Court's decision in *CASA*. *See CASA*, 145 S. Ct. at 2566 (Alito,

14

J., concurring) (warning against such evasion via "hasty application of Rule 23" without "scrupulous adherence" to its "rigors"). The Court should reject that invitation and deny certification under Rule 23(b)(1).

### III.    Certification under Rule 23(b)(2) is independently foreclosed because the conduct at issue can be enjoined as to the named plaintiffs alone.

Plaintiffs' request for class certification under Rule 23(b)(2) fails for similar reasons. Rule 23(b)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) is available only when "the [government's] conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360.

As already explained, here, nothing about this case suggests that an injunction or declaration will necessarily apply to all putative class members or none of them. To the contrary, a preliminary or final injunction, or a declaratory judgment, could sensibly and workably apply only to specific individuals. That makes this case unlike those in which there is an all-or-nothing, indivisible remedy that "must perforce affect the entire class at once," *Wal-Mart*, 564 U.S. at 361-62, and it leaves class certification under Rule 23(b)(2) unavailable.

Likewise, for the reasons explained in Section I, an injunction would not be "appropriate respecting the class as a whole," nor has the government "acted … on grounds that apply generally to the class," Fed. R. Civ. P. 23(b)(2), given the government's rigorous, individualized process for determining eligibility for reunification and the differences among class members.

**IV.    If the Court were to certify a class at this stage, it should do so provisionally and permit more fulsome briefing on class certification in the future.**

If the Court were to conclude that class certification for purposes of a preliminary injunction is warranted, it should at most certify a provisional class, limited to a preliminary injunction order. This case is less than a week old as of the filing of this brief, and the parties have had a limited opportunity to brief class certification. Moreover, plaintiffs' proposed basis for class certification has shifted from their complaint (which identified only Rule 23(b)(2) as a basis for certification) to their class certification (which additionally sought certification under Rule 23(b)(1)(A)), and their class definition has shifted since they filed their motion for class certification, *see* P.I. Mot. at 2 n.1. The Supreme Court has determined that interim injunctive relief can issue to a provisionally certified class. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025). Under these circumstances, the Court should not do more than rule provisionally on class certification, and it should permit further development of class-certification arguments on an ordinary briefing timeline.

## CONCLUSION

The Court should deny the motion for class certification.

DATE: September 6, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW ENSIGN
Deputy Assistant Attorney General

AUGUST FLENTJE
Special Counsel

By: *s/ Sarah Welch*
SARAH WELCH
Counsel to the Assistant Attorney General
United States Department of Justice
Civil Division
950 Pennsylvania Avenue NW

16

Washington, DC 20530
(202) 514-3180
sarah.e.welch@usdoj.gov

GLENN GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation
General Litigation and Appeals Section