# Exhibit A

**DECLARATION OF L█████ G█████ M█████ S█████**

I, ████████████████████████, declare under penalty of perjury as follows:

1. My name is ████████████████████. I am 16 years old and from Mexico.
2. I am currently detained at ███████████████, Pennsylvania. I came to the United States in March of this year.
3. I am in removal proceedings before the Immigration Court. My case has not been decided yet, and I still have the right to continue fighting for protection. I told the judge that I am afraid to return to Mexico. I am hoping to apply for asylum and Special Immigrant Juvenile Status.
4. I recently learned that I may be at risk of being removed from the United States before my case is fully heard. I am afraid that I could be deported even though I am still waiting for the Court to decide my case.
5. I have been asked to participate in interviews with government officials, including Homeland Security Investigation officers and the Mexican consulate, about my case and identity. I have not been given any guarantee of safety or protection.
6. I fled to the United States because my life was threatened in Mexico. I grew up with an alcoholic mother and father who separated when I was young. At 15 years old, I had to quit school and began working 6 days a week to support myself. Last year my mother's boyfriend sexually assaulted me. I reported it to the police, which caused his family to make death threats against me. His family is connected to criminal groups in Mexico, and I am afraid the police there will not protect me. I could not safely stay in my country.
7. I understand that there is a prospect of my release to a safe sponsor here in the United States. I am hopeful that I may be placed with my aunt who can provide me with safety and stability.
8. I want to remain in the United States and continue to fight my case in Immigration Court and have a fair opportunity to be heard.
9. I respectfully ask the Court to allow me to remain in the United States while my case is pending and to protect me from being removed before I have had a full day in court.

Executed on September 30, 2025, in ███████ Pennsylvania.

The above statement was read to me in the Spanish language by Kaitlyn Hepburn, who is competent in English and Spanish to render such translation. I understand the content of the document and the statements herein are true and correct to the best of my knowledge.



9/30/2025

CERTIFICATE OF TRANSLATOR'S COMPETENCE

I, Kaitlyn Hepburn, hereby certify that I am competent in written and oral Spanish and English, and that I have rendered an oral translation of the foregoing declaration from English to Spanish to the best my ability and skill to ███████████████████████

_Kaitlyn K Hepburn_
Kaitlyn Hepburn                                                                              9/30/2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

L.G.M.L., et al.,

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.

Case No. 25-cv-2942-TJK

**DECLARATION OF L▇▇▇ G▇▇▇ M▇▇▇ S▇▇▇**

I, ▇▇▇▇▇▇▇▇▇▇▇▇, based on my personal knowledge, hereby submit this declaration under 28 U.S.C. § 1746 and state the following:

1. I submit this sworn declaration in further support of my prior statement in this case.

2. I volunteered to represent the class. I want to bring this lawsuit not only for myself, but for all minors in the same situation as me. I will fairly and adequately protect the interests of the class so that we can stay in the United States and pursue our immigration cases. I plan to seek justice in the name of the proposed class of minors by bringing the claims in this lawsuit with persistence and determination. I will participate in the lawsuit according to the way in which my lawyers and I decide I should. I will work with the lawyers so that the lawyers do what is best for all the children in the case. I intend to remain involved with this case and to represent the proposed class to the best of my ability.

3. I want to make sure these children do not have their rights denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on    10-21-25

Executed on October 21, 2025, in ███████ Pennsylvania.

The above statement was read to me in the Spanish language by Kaitlyn Hepburn, who is competent in English and Spanish to render such translation. I understand the content of the document and the statements herein are true and correct to the best of my knowledge.

███████████████████████   10-21-25
                          Date

CERTIFICATE OF TRANSLATOR'S COMPETENCE

I, Kaitlyn Hepburn, hereby certify that I am competent in written and oral Spanish and English, and that I have rendered an oral translation of the foregoing declaration from English to Spanish to the best my ability and skill to ███████████████████████

*Kaitly R Hep*    10-21-25
Kaitlyn Hepburn   Date

# Exhibit B

DECLARATION OF H▮▮▮▮ E▮▮▮▮▮▮▮▮ B▮▮▮

I, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, declare the following statement is true and correct to the best of my memory, knowledge, information, and belief.

1. I am 13 years old. I am at a shelter in Georgia. I am working with my case worker to help me go live with my mom who lives here in the United States. That is what I really want. To be able to go live with my mom.

2. I am scared to be sent to Honduras. I cannot go live with my dad because he abandoned me at birth, and now he is dead. There is no one in Honduras to take care of me.

3. Things are fine here in the shelter, because they are calm and I get to go to school and go to the doctor. But I really want to be released to live with my mom and the rest of my family here in the United States. It is hard to be detained for so long.

4. Here in the shelter, I have a lawyer who is helping me, so I do not have to go back to Honduras. I want to keep working on my case, and I want to have the chance to apply for the special papers for children who were abandoned by their dads and are afraid to go back to their countries. I want to have a chance to present my case to an immigration judge because I have a right to do that.

5. I am afraid that I could be sent back without getting the chance to present my case, like what almost happened to a lot of Guatemalan kids in these kinds of shelters. We are all nervous now here, because we are worried we could be sent back even if there is no one to take care of us in the countries we came from.

6. I do not think it is fair that the government could just send kids back before they have their decisions about their cases. We learned that we have the right to go before the immigration judge and that we can explain why we cannot go back to the countries we came from. It is not fair or just that this right would be taken away from us. And it is not fair or safe to send kids back to places where they are in danger or where they don't have anyone to take care of them, no matter where they came from.

7. I don't want this to happen to me or any of the other kids who are in ORR shelters. That is why I am involved in this lawsuit. I will work hard to protect all of the kids like me. Even if I am released to my mom, I want to help other kids who are going through the same thing, and are afraid that the government might send them back to their countries before they get to finish their cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  10/22/25

## CERTIFICATE OF INTERPRETATION

I, Rebecca Wolozin, hereby certify that I am competent in both Spanish and English and that I have accurately read the above Declaration of ▓▓▓ in Spanish to her to the best of my abilities.

10/22/25                                                            *Rebecca Wolozin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

L.G.M.L., *et al.*,

    *Plaintiffs*,

v.

KRISTI NOEM, *et al.*,

    *Defendants*.

Case No. 25-cv-2942-TJK

### DECLARATION OF H▇▇▇ E▇▇▇▇▇▇ B▇▇▇

I, ▇▇▇▇▇▇▇▇▇▇▇▇▇, based on my personal knowledge, hereby submit this declaration under 28 U.S.C. § 1746 and state the following:

1. I submit this sworn declaration in further support of my prior statement in this case.

2. I volunteered to represent the class. I want to bring this lawsuit not only for myself, but for all minors in the same situation as me. I will fairly and adequately protect the interests of the class so that we can stay in the United States and pursue our immigration cases. I plan to seek justice in the name of the proposed class of minors by bringing the claims in this lawsuit with persistence and determination. I will participate in the lawsuit according to the way in which my lawyers and I decide I should. I will work with the lawyers so that the lawyers do what is best for all the children in the case. I intend to remain involved with this case and to represent the proposed class to the best of my ability.

3. I want to make sure these children do not have their rights denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I verify that the statements made in this declaration are true and correct to the best of my knowledge and belief.

10/22/25   -   ██████████████████

## CERTIFICATE OF INTERPRETATION

I, Rebecca Wolozin, hereby certify that I am competent in both Spanish and English and that I have accurately read the above Declaration of ████████████ in Spanish to her to the best of my abilities.

10/22/25                                                  *Rebecca Wolozin*

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

L.G.M.L., et al.,

    Plaintiffs,

v.

KRISTI NOEM, et al.,

    Defendants.

Case No. 25-cv-2942-TJK

**DECLARATION OF L████ F████ M████ M████**

I, ████████████████████, based on my personal knowledge, hereby submit this declaration under 28 U.S.C. § 1746 and state the following:

1. I submit this sworn declaration in further support of my prior statement in this case.

2. I volunteered to represent the class. I want to bring this lawsuit not only for myself, but for all minors in the same situation as me. I will fairly and adequately protect the interests of the class so that we can stay in the United States and pursue our immigration cases. I plan to seek justice in the name of the proposed class of minors by bringing the claims in this lawsuit with persistence and determination. I will participate in the lawsuit according to the way in which my lawyers and I decide I should. I will work with the lawyers so that the lawyers do what is best for all the children in the case. I intend to remain involved with this case and to represent the proposed class to the best of my ability.

3. I want to make sure these children do not have their rights denied.

DATED: September 4, 2025

## **CERTIFICATE OF TRANSLATION**

I, <u>Cristel Martinez,</u> declare and say as follows: I certify that I am competent to render such translation from Spanish into English. I certify that I have translated the oral supplemental declaration of ███████████████████████ from Spanish to English to the best of my knowledge and ability. I have reviewed the supplemental declaration in Spanish with ███ ███████████████████████, who confirmed that he understood and verified the contents thereof prior to signing.

_[signature]_  
Signature of Translator

Cristel Martinez  
Typed/Printed Name of Translator

September 4, 2025  
Date

(213) 246-2197  
Telephone Number of Translator

Address of Translator:   13200 Crossroads Pkwy. N. Suite 115

City of Industry, CA 91746

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.G.M.L., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528, *et al.*, <br><br> Defendants. | No. 1:25-cv-02942-TJK |

**DECLARATION OF MISHAN WROE IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Mishan Wroe, do hereby declare as follows:

1.  I am at least 18 years of age. I have personal knowledge of the facts stated herein and, if called to testify, I could and would testify competently thereto. I represent Plaintiffs in the above-captioned case, and I am licensed to practice law in California. I have been admitted *pro hac vice* to appear on behalf of Plaintiffs in the above-captioned case.

2.  I am a directing attorney at the National Center for Youth Law ("NCYL"). I submit this declaration in support of Plaintiffs' Motion for Class Certification.

3.  NCYL is a privately-funded, non-profit organization founded in 1970 to advocate for low-income children and adolescents. NCYL regularly represents plaintiffs in complex class action lawsuits designed to protect the rights of youth and improve child-serving systems.

NCYL attorneys have significant experience in cases involving child welfare, juvenile justice, adolescent health, immigration, and children's mental health needs. NCYL attorneys are among the most experienced, knowledgeable, and respected children's lawyers in the country.

4. One of the NCYL's primary substantive areas of expertise is advocating for children in government custody. Specifically, NCYL has some of them most extensive experience and knowledge representing immigrant children detained in federal custody. NCYL filed the seminal *Flores* case in 1985 and continues to serve as co-counsel in *Flores v. Bondi*, No. 85-4544 DMG (C.D. Cal.), a nationwide class action on behalf of children held in federal immigration custody by the United States government, governing the conditions in which most children are held. NCYL also originally filed and serves as co-counsel in *Lucas R. v. Azar*, No. 2:18-cv-05741 DMG (C.D. Cal.), a nationwide class action addressing the due process, disability, and family integrity rights of unaccompanied children in the custody of the Office of Refugee Resettlement ("ORR"). NCYL is also co-counsel in *Angelica S. v. HHS*, No. 1:25-cv-01405 (D.D.C.), a nationwide class action addressing the rights of children in ORR to be promptly released to qualified sponsors. As class counsel in *Flores*, *Lucas R.*, and *Angelica S.*, NCYL attorneys have conducted hundreds of interviews with detained children and youth in federal custody. This includes interviews with children detained by Customs and Border Protection ("CBP"), Immigration and Customs Enforcement ("ICE"), and ORR under the Department of Health and Human Services ("HHS"). *Flores* counsel has filed numerous successful Motions to Enforce over the years. Recently, *Flores* counsel brought successful motions to enforce the *Flores* settlement agreement and uphold children's rights to basic, humane conditions if held in open-air detention sites. *Flores v. Garland*, 2024 WL 3051166 (C.D. Cal. 2024). *Flores* counsel also successfully extended a 2022 settlement agreement with CBP governing conditions of

confinement for children in two Texas CBP sectors. *Flores v. McHenry*, 2:85-cv-4544, ECF No. 1547 (C.D. Cal. 2025). NCYL also resolved a putative class action on behalf of immigrant children whose release from government custody was delayed due to unlawful fingerprinting policies and practices in *Duchitanga v. Hayes*, No. 18-cv-10332-PAC (S.D.N.Y.). NCYL also served as co-counsel in *J.E.C.M. v. Dunn Marcos*, 1:18-cv-903 (E.D. Va.), a Virginia-based class action on behalf of unaccompanied children and their relative-sponsors challenging information-sharing between ORR and the Department of Homeland Security ("DHS"), and parallel changes to the sponsorship process to require additional biographical and biometric information from sponsors and their households.

5. NCYL also has extensive experience in class action litigation on behalf of children outside of the context of immigration detention. NCYL serves as co-counsel in *M.J. v. Dist. of Columbia*, 1:18-cv-01901 EGS (D.D.C.), a class action lawsuit on behalf of children and youth with mental health disabilities in Washington, D.C. NCYL has also represented thousands of children in other class action lawsuits across the country. For example, NCYL has litigated numerous class action cases on behalf of children with disabilities denied appropriate placements and services in state systems, including for example *J.N. v. Oregon*, *Katie A. v. Bontá*, *T.R. v. Dreyfus*, *M.B. v. Howard*, and *D.S. v. Washington State DCYF*.

6. Two attorneys at NCYL have entered appearances in this case and they seek to be appointed as class counsel. They are me and Rebecca Wolozin.

7. I have been an attorney at National Center for Youth Law since April 2020. I earned my J.D. from University of Chicago Law School in 2013, and my B.A. from Stanford University in 2008. I was admitted to practice law in Illinois in 2013 and in California in 2014. I currently lead NCYL's immigration-related litigation and I have personally been involved in litigating on

behalf of nation-wide classes of detained immigrant children for over five years. Prior to joining NCYL, I worked as a trial attorney in private practice and maintained an active pro bono portfolio including work related to reproductive rights of immigrant children in federal custody, freedom of speech, tenants' rights, and FOIA litigation. For example, before joining NCYL I worked on a class action lawsuit to protect unaccompanied minors' access to abortion while in ORR custody. *Garza v. Hargan*, 304 F.Supp.3d 145 (D.D.C. 2019).

8.  Rebecca Wolozin graduated with concurrent degrees from Harvard Law School and Harvard Graduate School of Education in 2015. She received a B.A., *magna cum laude*, from Cornell University in 2008. She was admitted to practice law in Virginia in October 2015 and in Washington, D.C. in January 2018. Ms. Wolozin joined NCYL as a senior attorney in May 2023. She previously worked as an attorney with the Legal Aid Justice Center in Virginia. Ms. Wolozin has primarily represented immigrants, children, and families in her practice over the past ten years. She was an Equal Justice Works Fellow, a staff attorney, and a senior supervising attorney at Legal Aid Justice Center, where she also co-founded and directed George Mason's Antonin Scalia Law School Immigration Litigation Clinic from 2019-2023. In her immigration practice, Ms. Wolozin has successfully advocated for clients before the Executive Office of Immigration Review ("EOIR"), the Board of Immigration Appeals, and the Fourth Circuit Court of Appeals. Ms. Wolozin also has deep experience in class action litigation and federal litigation representing immigrants and detained immigrant children and youth. At NCYL, she is a member of *Flores* counsel, she actively litigates the *Angelica S.* matter, and she supports other impact litigation across the organization. Ms. Wolozin has also litigated additional complex federal issues on behalf of detained immigrants and detained unaccompanied minors. She was counsel in *JECM v. Lloyd* 1:18-cv-903-LMB (E.D. Va.), a Virginia-based class action case on behalf of immigrant

children facing prolonged detention in ORR custody. She was also counsel in the class action case *Aziz v. Trump*, 2017 WL 386549 (E.D. Va. 2017), and individual cases *Beltran v. Cardall*, 222 F.Supp.3d 476 (E.D. Va. 2016), *Santos v. Smith,* 260 F.Supp.3d 598 (W.D. Va. 2017); *Reyna v. Hott* 1:17-cv-1192-LO (E.D. Va.)*,* and *O.D.T.M. v. Lloyd*, 1:18-cv-524 (E.D. Va.).

9. The National Center for Youth Law has the resources to represent the plaintiff class. We are assisted in this matter by the considerable professional resources of our co-counsel at National Immigration Law Center and Institute for Constitutional Advocacy and Protection.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16th day of October, 2025, in Oakland, California.


___/s/ *Mishan Wroe*_____

Mishan Wroe