## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

L.G.M.L., *et al.*,

                                        Plaintiffs,

      vs.

KRISTI NOEM, *in her official capacity as Secretary of*    Case No. 1:25-cv-02942 (TJK)
*the U.S. Department of Homeland Security*, *et al.*,

                                        Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CLASS DEFINITION FOR FURTHER PROCEEDINGS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ......................................................................................................................... 2

STANDARD OF REVIEW ......................................................................................................... 3

    I.   Rule 23(a) ...................................................................................................................... 3

    II.  Rule 23(b)(2) ................................................................................................................ 4

ARGUMENT .............................................................................................................................. 5

    I.   Plaintiffs' Cannot Satisfy Rule 23(a)'s Requirements for the Expanded Class ....... 5

        A. Numerosity ............................................................................................................. 5

        B. Commonality .......................................................................................................... 8

        C. Typicality .............................................................................................................. 11

        D. Adequacy of Representation ................................................................................ 13

    II.  Nor Can Plaintiffs Satisfy Requirements Under Rule 23(b)(2). ........................... 14

CONCLUSION ........................................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1992)..................................................................................................3, 4

*Bunn v. District of Columbia*,
  306 F.R.D. 68 (D.D.C. 2015) ..........................................................................................7

*Califano v. Yamasaki*,
  442 U.S. 682 (1979).........................................................................................................3

*Feinman v. FBI*,
  269 F.R.D. 44 (D.D.C. 2012) ..........................................................................................7

*Gen. Tel. Co. of Southwest v. Falcon*,
  457 U.S. 147 (1982).........................................................................................................3

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1996) .........................................................................................8

*Hanon v. Dataproducts*,
  976 F.2d 497 (9th Cir. 1992) .........................................................................................11

*Jennings v. Rodriguez*,
  583 U.S. 281 (2018).........................................................................................................8

*Just Film, Inc. v. Merch. Servs., Inc.*,
  474 F. App'x 493 (9th Cir. 2012) ..................................................................................15

*Kohen v. Pac. Inv. Mgmt. Co. LLC*,
  571 F.3d 672 (7th Cir. 2009)...........................................................................................9

*Love v. Johanns*,
  439 F.3d 723 (D.C. Cir. 2006).........................................................................................4

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992).........................................................................................................5

*McCarthy v. Kleindienst*,
  741 F.2d 1406 (D.C. Cir. 1984)........................................................................................4

*Nguyen v. Kissinger*,
  70 F.R.D. 656 (N.D. Cal. 1976).......................................................................................8

*Ross v. Lockheed Martin Corp.*,
  267 F. Supp. 3d 174 (D.D.C. 2017) .................................................................................9

*Schwartz v. Harp*,
  108 F.R.D. 279 (C.D. Cal. 1985)....................................................................................11

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)................................................................................................5, 7, 13

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021)..............................................................................................5, 10, 15

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016).........................................................................................................5

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011).................................................................................................passim

**Statutes**

6 U.S.C. § 279(b)(1)(H)................................................................................................ 14

8 U.S.C. § 1229c ...................................................................................................... 1, 3

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................................ 4, 16

Fed. R. Civ. P. 23(b) ..................................................................................................... 4

Fed. R. Civ. P. 23(b)(2) ..................................................................................... 9, 10, 16

**Other Authorities**

Class Certification in the Age of Aggregate Proof,
    84 N.Y.U. L. Rev. 97) (2009) ................................................................................... 8

**INTRODUCTION**

Plaintiffs seek to modify the class they asked the Court to certify for purposes of final judgment. Specifically, Plaintiffs seek to expand the class to include "all unaccompanied minors who are or will be in [Office of Refugee Resettlement ("ORR")] custody and who are not subject to" a final order of removal or grant of voluntary departure under 8 U.S.C. § 1229c. ECF No. 65, at 1. Notably, Plaintiffs concede that they do not seek immediate "emergency relief" for their proposed universal class and thus "do not ask the Court to modify the existing [preliminary injunction] to cover non-Guatemalan children." *Id*. at 5. Rather, Plaintiffs argue that all unaccompanied alien children ("UAC(s)") who are or will be in ORR custody are "equally" subject to Defendants' reunification efforts regardless of their country of origin. *Id*. That Plaintiffs concede no modification of the injunction is necessary for members of the expanded putative class contradicts their assertion that modifying the class is appropriate to advance the interests of all UACs who are or will ever be in ORR custody and undermines their claim for certification under Rule 23(b)(2), which applies when a single action applies to the entire class and relief is necessary for and will necessarily affect all class members.

Plaintiffs previously requested certification of this broader class, and the Court previously concluded that it "lack[ed] the record to address whether such a sweeping class merits provisional certification." ECF No. 49 at 24. Plaintiffs submit no new evidence and identify no change in the record to support their renewed request. The facts remain insufficient to establish that Plaintiffs' expanded class definition meets the requirements for class certification under Federal Rules of Civil Procedure ("Rule(s)") 23(a) or 23(b)(2) because Plaintiffs cannot show: (1) numerosity; (2) a factual or legal question common to members of the expanded putative class; (3) typicality of the purported conduct on which putative class members' claims are based; nor (4) that the identified

1

class representatives adequately represent the proposed expanded class. Moreover, Plaintiffs cannot show that Defendants either acted or refused to act on grounds that apply generally to the expanded putative class, or that injunctive or declaratory relief would apply to the class as a whole if expanded as requested in Plaintiffs' instant motion. Consequently, this Court should deny their motion to certify a broader class than Plaintiffs' previously sought to certify.

## **BACKGROUND**

On August 31, 2025, Plaintiffs filed this case and motions for a temporary restraining order and class certification. ECF Nos. 1, 2, 6. The same day, this Court entered a temporary restraining order on behalf of putative class members and held a hearing. *See* ECF No. 12. On September 3, Plaintiffs moved for a preliminary injunction. ECF No. 20.

In their original complaint, Plaintiffs sought certification of a class of "all Guatemalan unaccompanied minors in ORR custody who are not subject to an executable final order of removal," under Rule 23(b)(2). ECF No. 1 ¶¶ 71–72. In their motion for class certification, Plaintiffs sought certification of an identically defined class under Rule 23(b)(2) and 23(b)(1)(A). ECF No. 6 at 1–2. More recently, in their motion for preliminary injunction, Plaintiffs narrowed their requests to exclude "children with Voluntary Departure granted by an immigration judge." ECF No. 20-1 at 2 n.1. In their reply brief, Plaintiffs further asked the Court to "certify a class of all unaccompanied minors" from all non-contiguous countries who "are or will be in ORR custody," lack an "executable final order of removal," and have not had "voluntary departure approved by an immigration judge." ECF No. 42 at 22.

On September 18, 2025, the Court granted Plaintiffs' motion for preliminary injunction and further provisionally certified a "class consisting of all unaccompanied alien children from Guatemala in (and who will be in) ORR custody who have not received a final order of removal

or . . . permission to voluntarily depart under 8 U.S.C. § 1229c and applicable regulations[]" under Rule 23(b)(2). ECF No. 49 at 14. In doing so, this Court declined to certify a broader class "covering unaccompanied alien children from all non-contiguous countries in ORR's custody." *Id.* at 24. The Court found the instant factual record insufficient to provisionally certify such a broad class. *Id.*

On November 25, 2025, Plaintiffs filed the instant motion again seeking certification of a class including "*all* unaccompanied minors who are or will be in ORR custody and who are not subject to an executable final order of removal and have not been granted voluntary departure under 8 U.S.C. § 1229c and applicable regulations."[1] ECF No. 65 at 1.

## STANDARD OF REVIEW

### I.    Rule 23(a)

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). Federal Rule of Civil Procedure 23 governs the certification of a class. Nevertheless, "Rule 23 does not set forth a mere pleading standard"; rather, "a party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . ." *Wal-Mart Stores, Inc.*, 564 U.S. at 350; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1992). "[A]ctual, not presumed, conformance" with Rule 23 is "indispensable," *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982), and

---

[1] Plaintiffs sought certification of an identical class in their amended complaint filed on October 14, 2025. *See* ECF No. 64 at 29 (Prayer for Relief) ¶ c. Although Plaintiffs consented to, and the Court granted, an extension of time for Defendants to file their answer, *see* ECF No. 68; Minute Order (Dec. 1, 2025), Defendants, out of an abundance of caution filed the instant response in opposition to Plaintiffs' separate motion for class "modification." Nevertheless, nothing herein should be construed as a concession of the facts alleged in the amended complaint or waiver of any legal argument which Defendants may make in their answer to the amended complaint.

certification is proper only if the district court is satisfied "after a rigorous analysis" that class proponents have shown the Rule's requirements are met. *Wal-Mart*, 564 U.S. at 350–51.

Under Rule 23(a), the class proponent must establish that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These four requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation.

## II.     Rule 23(b)(2)

"To obtain class certification, a class plaintiff has the burden of showing that the requirements of Rule 23(a) are met *and* that the class is maintainable pursuant to one of Rule 23(b)'s subdivisions." *Richards v. Delta Air Lines, Inc.*, (citing Fed. R. Civ. P. 23(b); *Amchem Prods., Inc.*, 521 U.S. at 613–14; *Love v. Johanns*, 439 F.3d 723, 727 (D.C. Cir. 2006); *McCarthy v. Kleindienst*, 741 F.2d 1406, 1414 n.9 (D.C. Cir. 1984)) (emphasis added). Plaintiffs here seek certification of the expanded class definition under Rule 23(b)(2). ECF No. 65 at 9. Rule 23 allows class treatment where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart*, 564 U.S. at 360. The "key" to certification under 23(b)(2) is "the indivisible nature of the injunctive or declaratory remedy warranted—the . . . conduct is such that it can be enjoined or declared unlawful only as to *all of the class members or as to none of them*." *Id*. (emphasis added). In sum, Rule 23(b)(2) certification is inappropriate where individual class members would be "entitled to a *different* injunction or declaratory judgement against the defendant." *Id*.

4

## ARGUMENT

### I.    Plaintiffs' Cannot Satisfy Rule 23(a)'s Requirements for the Expanded Class.

Rule 23(a) requires that Plaintiffs sufficiently show: (1) numerosity; (2) commonality; (3) typicality, and (4) adequacy of class representation. They have not sufficiently satisfied any of these requirements as to the expanded class they seek to represent. Plaintiffs additionally reiterate and preserve their arguments against certification of any class. ECF No. 36.

#### A. Numerosity

Additionally, it does not simply follow that provisional certification of the "class comprised of certain Guatemalan children" necessarily implies numerosity of "a broader class containing children from other countries of origin . . . as well." *See* ECF No. 65 at 5. Notably, Plaintiffs have not sufficiently shown that the expanded class members are subject to the same purported injury as the provisionally certified class. Rather, they assert "that Defendants' claimed authority places all [UACs] in ORR custody at risk for summary expulsion—regardless of their country of origin[.]" *Id*. at 4.

"'Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J., concurring)). "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart*, 564 U.S. at 349 (internal quotations and citations omitted). An injury in fact requires showing "that [plaintiff] suffered an invasion of a legally protected interest" that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Moreover, Plaintiff's injury must be "fairly traceable to the challenged conduct

of the defendant, and . . . likely to be redressed by a favorable judicial decision. *Id*. at 338. "[I]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id*. at 339 (internal quotations omitted).

Notwithstanding this Court's determinations in certifying the provisional class, Plaintiffs here seek to expand the class to individuals who entirely lack an injury in fact that would make their claim justiciable. Even if the named class representatives' alleged injury suffices for the narrower group of Guatemalan UACs in ORR custody, the alleged injury is not shared by the new members under the expanded class. As previously indicated, this Court found insufficient evidence in the instant record to establish Defendants' intent to expand the acts at issue here—reunification of Guatemalan UACs with their parents—to all UACs regardless of their countries of origin. ECF No. 49 at 24. Notably, Defendants' declarations describe decisions following a request from the Government of Guatemala and criteria for narrowing the affected group to a specific subset of Guatemalan UACs. *See* ECF No. 39-1 ¶¶ 8-11 (describing criteria for determining whether specific Guatemalan UACs were eligible for reunification); ECF No. 35-1 ¶¶ 3-10 (describing diplomacy with the Government of Guatemala and providing ORR's criteria for reunification eligibility). Additionally, Plaintiffs ignore that Defendants' acts in the instant case were responsive to specific communications between the United States and the Government of Guatemala. *See id.* ¶ 3–9. In sum, the facts in this record still reflect that the facts giving rise to this litigation centered on certain Guatemalan UACs and in no way suggest that there are sufficiently numerous UACs from other countries who have standing to support certification of Plaintiffs' universal class. Plaintiffs' mere speculation about *all* UACs is not a sufficient basis for finding that the new members under the expanded class share an injury in fact with class representatives.

Moreover, Plaintiffs' reliance on the rights of all UACs under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") and the Immigration and Nationality Act ("INA") are not a sufficient basis in themselves to establish an injury in fact. *See Spokeo*, 578 U.S. at 339. As previously indicated, any injury to the new members under the expanded class definition is wholly speculative and depends upon acts Defendants purportedly might take at an unidentified future date. The mere fact that Plaintiffs point to purported rights under the TVPRA and the INA is not sufficient to show a concrete injury under the facts in the instant case. *See id*. at 340–41 (noting that the respondent there would not be allowed to allege a "bare procedural violation, divorced from any concrete harm"). Here, the narrower provisional class identified alleged harms traceable to Defendant's reunification efforts; however, those harms did not extend beyond that narrower class. *See* ECF No. 49 at 24. By contrast, the new members of the putative expanded class remain wholly unaffected by Defendants' prior reunification plan for certain UACs from Guatemala.

Where the evidence is insufficient to show an injury in fact to the new members of the expanded class sufficient for standing, then there cannot be any reasonable basis for estimating that number of potential class members satisfies the numerosity requirement. *See, e.g.*, *Feinman v. FBI*, 269 F.R.D. 44, 50 (D.D.C. 2012); *see also Coleman through Bunn v. District of Columbia*, 306 F.R.D. 68, 76 (D.D.C. 2015) (noting that courts may "draw reasonable inferences from the facts presented to find the requisite numerosity."). The lack of standing shared by new members lead to only one reasonable inference as to the number of new class members under the expanded definition—zero. A class expansion of no members cannot meet the numerosity requirement under Rule 23(a). The Court has already provisionally certified the only class of Plaintiffs who could sufficiently plead a particularized and concrete injury. ECF No. 49 at 14 (certifying "all [UACs]

7

from Guatemala in (and who will be in) ORR custody who have not received a final order of removal or . . . permission to voluntarily depart . . . ."). The group can be no broader under the same set of facts. *Id*. at 24. As such, a modification of the class to include no new members necessarily does not meet the numerosity requirement.

### B. Commonality

Additionally, Plaintiffs' expanded class does not satisfy the commonality requirement of Rule 23(a). The Supreme Court has cautioned that the commonality language in Rule 23 "is easy to misread, since any competently crafted class complain literally raises common questions." *Wal-Mart*, 564 U.S. at 349. Nevertheless, the key inquiry is "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*. at 350 (quoting Nagarda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 131–32) (2009)). Thus, although "[t]he existence of shared legal issues with divergent factual predicates is sufficient [to establish commonality]," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1996), commonality cannot be established where there is variation requiring individual adjudications of each class member's claims. *Nguyen v. Kissinger*, 70 F.R.D. 656, 663–64 (N.D. Cal. 1976). Indeed, "[d]issimilarities within the proposed class are what have the potential to impede the generation of common answers." *Wal-Mart*, 564 U.S. at 350 (internal quotations omitted).

The commonality requirement is especially rigorous when applied to a class seeking certification under Rule 23(b)(2), where class members cannot opt out once the class is certified. *See, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 313 (2018) (remanding immigration detention case to the Ninth Circuit to determine whether plaintiffs were entitled to class-wide relief and noting that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class" with respect to their constitutional due process claims). Plaintiffs seeking class certification under Rule 23(b)(2) must show that the challenged conduct is

"such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360. Therefore, Plaintiffs bear the burden of demonstrating that the factual differences among the proposed class members are unlikely to affect the individual's entitlement to relief. *See In re Google AdWords Litigation*, No. 5:08-cv-3369-EJD, 2012 EL 28068, *14 (N.D. Cal. Jan. 5, 2012) ("the question of which advertisers among the hundreds of thousands of proposed class members are even entitled to restitution would require individual inquiries"). If the factual differences have the likelihood of changing the outcome of the legal issue, then class certification is not appropriate.

The facts here do not establish that Defendants have either "acted or refused to act on grounds that apply generally to" the broader class under the proffered modification. Fed. R. Civ. P. 23(b)(2); *see, e.g.*, *Ross v. Lockheed Martin Corp*., 267 F. Supp. 3d 174, 191 (D.D.C. 2017) (class definition may be fatally overbroad if it "sweeps within it persons who could not have been injured by the defendant's conduct") (quoting *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009)). This lack of commonality is fatal to Plaintiffs' instant motion.

Plaintiffs argue that that the common questions raised by the provisional class of Guatemalan UACs extends to all UACs, and that "potential factual differences," including the child's "*country of origin*" (emphasis in original), do not impact commonality in the expanded class definition. ECF No. 65 at 6. However, as previously indicated, the country of origin is highly relevant precisely because Plaintiffs have failed to identify acts that actually implicate the rights of UACs outside the provisional class. The new members' claims may rest on a common legal *theory*, but there is no prospect of common *answers* about the lawfulness of the government's proposed reunification efforts, which have been specific to UACs from Guatemala and followed

diplomatic contacts specific to the Government of Guatemala. Plaintiffs identify no existing policy or agency action from which a single injunction can relieve them.

Contrary to their assertion, an individual class member's country of origin makes a difference on these facts. As previously identified, Defendants' entire course of conduct here was directly aimed at a specific subset of Guatemalan UACs identified for reunification with parents in Guatemala. *See supra* at 9. This process included facts unique to the Guatemalan UAC class such as the diplomatic exchanges between the United States and Guatemala from which Defendants' reunification effort followed. ECF No. 35-1 ¶¶ 5–9. These facts are inapplicable to UACs outside the provisional class which Plaintiffs now seek to include, making their claim fundamentally distinct and eliminating the prospect of common answers to the lawfulness of any common policy or action.

This Court already declined to expand the class based on the factual record available here. ECF No. 49 at 24. Moreover, Plaintiffs' motion notes that they are "not at this time seek[ing] emergency relief of a broader class of children and do not ask the Court to modify the existing [preliminary injunction] to cover non-Guatemalan children." ECF No. 65 at 5. Plaintiffs are right to refrain from seeking expansion of the preliminary injunction to include the broader putative class because the new members of the expanded class have suffered no injury to requiring a remedy. *See TransUnion LLC*, 594 U.S. at 424 ("[F]ederal courts do not issue advisory opinions"; "a federal court may resolve only a real controversy with real impact on real persons.") (quotation omitted); *see also* Fed. R. Civ. P. 23(b)(2) ("final injunctive relief" must be "appropriate respecting the class as a whole."). That Plaintiffs rely on a theoretical possible future action by Defendants as the basis for identifying a hypothetical injury to the broader putative class only highlights the lack of commonality between the provisionally certified class and the proffered modified one. *See* ECF

No. 65 at 9 (asserting, without evidentiary support, that "Guatemalan children were merely the *first* targets of Defendants' unlawful 'reunification' plan."). Plaintiffs identify no common action that could be resolved with respect to a universal class of all UACs who will ever be in ORR's custody, so certification under Rule 23(b)(2) is impermissible.

### C. Typicality

For similar reasons, the expanded putative class under Plaintiffs' proposed modification fails to meet the typicality requirement. The commonality and typicality requirements of Rule 23(a) are interrelated and, in some instances, merge. *Wal-Mart*, 564 U.S. at 349 n.5. "Both [requirements] serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id*. To establish typicality, Plaintiffs must show "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

The reunification plan Plaintiffs challenge is explicitly unique to Guatemalan UACs. Plaintiffs identify no agency action, decision, or policy common to all UACs. This means that Guatemalan UACs stand in a different position than UACs from other countries. As pointed out several times, the facts here do not justify a finding that UACs outside the provisionally certified class have sustained any injury, much less the same injury as the current class members. Even more notably, Plaintiffs do not propose that the new members were injured by Defendants' plan to reunify Guatemalan UACs with their parents; rather, they postulate that the new members of the expanded class *could* be harmed if *similar* actions were taken in their cases in the future. ECF

No. 65 at 10 ("[*A*]*ll* [UACs] . . . regardless of nationality, potentially may fall victim to Defendants' 'reunification' plan").

True, this Court recognized that the relief sought by the provisionally certified class would determine "what the TVPRA and Due Process Clause require before Defendants may send [provisional class members] out of the country." ECF No. 49 at 23. Notwithstanding Plaintiffs' attempt to broaden the scope of that recognition, *see* ECF No. 65 at 10 (supplying "unaccompanied minors" generally), the Court's finding was clearly limited to the provisional class—Guatemalan UACs in ORR custody. To extend that finding to the new expanded class definition would contradict the Court's own reluctance to "certify a class covering unaccompanied alien children from all non-contiguous countries in ORR's custody." ECF No. 49 at 24. The fact that this Court found typicality between named class representatives from Guatemala, who were subject to Defendants' reunification plan, and the *Guatemalan* UAC class members says nothing about the typicality of the alleged injury and injurious conduct across an expanded class containing all UACs in ORR custody. In fact, the claims of the provisional class are not typical of the expanded class. Rather, class members under the proposed modification would fall into two distinct categories: (1) the provisional class members pointing to specific conduct by Defendants allegedly causing injury, and (2) the new class members whose purported injury is predicated on a purely conjectural act that Plaintiffs speculate may occur in the future assume would be unlawful. *See, e.g.*, ECF No. 65 at 9. While the Court provisionally found the former could meet the typicality requirement, the same could not, and still cannot, be said about the latter because the facts here do not support the contention that every UAC in ORR custody has a claim arising from the course of conduct challenged here. *See* ECF No. 49 at 24.

Plaintiffs' assertion that a "final decision on the merits of the existing class claims should apply equally to members of the proposed class, because all [UACs] in ORR custody are entitled to coextensive procedural rights" likewise says nothing about the typicality of the claims under an expanded class definition. *See* ECF No. 65 at 7. Again, the mere existence of a statutory right to sue does not give an individual plaintiff standing to sue. *See Spokeo*, 578 U.S. at 339. Assuming *arguendo* that all UACs' rights under the TVPRA and INA are "coextensive" does not remedy the lack of evidence for a justiciable injury arising from conduct that is applicable to all members of the putative universal class under Plaintiffs' requested modification, both current provisional class members and putative new class members. Consequently, Plaintiffs cannot show the typicality required for class certification sufficient to warrant modification of the existing class.

### D. Adequacy of Representation

Finally, for the same reasons that there is no typicality of claims for members under the expanded class definition, Plaintiffs also failed to show adequate representation. The government maintains that Guatemalan UACs who did not meet the criteria for reunification lacked standing and could not properly be part of a class. ECF No. 36 at 7–11. The provisional class members, who were at least subject to Defendants' reunification plan, even more clearly do not share claims typical of new members under the expanded definition. At the time the Court provisionally certified the existing class, the named members were at least screened for possible reunification of Guatemalan UACs with their parents in Guatemala. *See* ECF No. 49 at 19. However, none of the new putative class members under Plaintiffs' proposed modification are implicated by those underlying facts and claims. "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart*, 564 U.S. at 349 (internal quotations and citations omitted).

Even if that were not enough, the two new UACs who are the proposed class representatives for all children from all countries other than Guatemala are plainly inadequate representatives. Plaintiff H.E.B. states that her father is dead and her mother is in the United States. ECF No. 65-1 at 7 ¶¶ 1–2. She cannot be "reunit[ed] . . . with a parent abroad" because she does not have a parent abroad, so she is a uniquely poor representative for children who do have parents abroad with whom they could conceivably be reunited. 6 U.S.C. § 279(b)(1)(H). And Plaintiff L.G.M.S. cannot singlehandedly represent all other children from all other countries. She identifies Mexico as her country of origin. *See* ECF No. 65-1 at 2 ¶ 1. Plaintiffs argue in their motion that L.G.M.S. is *differently* situated than children from noncontiguous countries, explaining that "Plaintiffs' initial complaint and emergency motions sought relief for certain [UACs] from noncontiguous countries because children from *contiguous* countries who meet certain criteria may be swiftly repatriated without ever entering ORR custody." ECF No. 65 at 6 n.4 (citing 8 U.S.C. § 1232(a)(2)(A)-(C)). A child with no parents abroad (H.E.B.) and a child from a contiguous country who Plaintiffs argue is subject to a legal scheme that differs in at least some material respects (L.G.M.S.) cannot adequately represent a universal class of all UACs, from all countries, who will ever enter ORR custody.

## II.    Nor Can Plaintiffs Satisfy Requirements Under Rule 23(b)(2).

As previewed, Rule 23 allows class treatment where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart*, 564 U.S. at 360. The "key" to certification under Rule 23(b)(2) is "the indivisible nature of the injunctive or declaratory remedy warranted—the . . . conduct is such that it can be enjoined or declared unlawful only as to *all of the class members or as to none of them.*" *Id.* (emphasis added).

14

In sum, Rule 23(b)(2) certification is inappropriate where individual class members would be "entitled to a *different* injunction or declaratory judgment against the defendant." *Id.*

Plaintiffs seek to certify under Rule 23(b)(2) a universal class of all UACs, from any country, who will ever enter ORR custody; however, they cannot point to any indivisible remedy or conduct that can be enjoined or declared unlawful *only* as to all or none of the members of the universal class. Again, Plaintiffs identify only an action contemplated with respect to certain UACs from Guatemala. That contemplated action, reunification of certain Guatemalan UACs with parents abroad, can readily be enjoined or declared unlawful solely as to UACs from Guatemala, as the Court has already shown by enjoining that contemplated action solely as to UACs from Guatemala. A determination of whether that action is lawful will not necessarily determine the rights of all UACs from all other countries for all time, particularly where the possible scope of any possible future actions to be taken with regard to other UACs from other countries is unknown and purely speculative at this time. To the contrary, a preliminary or final injunction, or a declaratory judgment, could readily apply only to the provisional class already certified by this Court. As previously explained, the new members of the expanded class from any number of unspecified countries cannot demonstrate an injury in fact stemming from Defendants contemplated action with regard to UACs from Guatemala that is challenged here. In essence, injunctive relief, which is already available to the provisionally certified class, is merely *advisory* and speculative as to any purported rights shared by the new members under the TVPRA, INA, Constitution, and applicable regulations. *See TransUnion LLC*, 594 U.S. at 424; *see also Just Film, Inc. v. Merch. Servs., Inc.*, 474 F. App'x 493, 495 (9th Cir. 2012) (to obtain class-wide injunction would show that "class-wide injunction is necessary to remedy the alleged class-wide harm"). The modification seeks to add members who are not subject to possible reunification with parents in

Guatemala, and Plaintiffs identify no new actions or material changes since the last time the Court considered their request to certify a universal class. That makes this case unlike those in which there is an all-or-nothing, indivisible remedy that "must perforce affect the entire class at once," *Wal-Mart*, 564 U.S. at 361–62, and it leaves class certification under Rule 23(b)(2) unavailable.

In sum, Plaintiffs cannot demonstrate Defendants' acts or omissions "apply generally to the class" as expanded or that injunctive and/or declaratory relief is "indivisible" as to the whole putative class as modified. *See, e.g.*, *id*. at 360; *see also* Fed. Rule Civ. P. 23(b)(2). As such, an injunction would not be "appropriate respecting the class as a whole," nor has the government "acted . . . on grounds that apply generally to the class," Fed. R. Civ. P. 23(b)(2), given the specific course of Defendants' conduct at issue here, and the narrow class of persons affected—i.e., certain Guatemalan UACs in ORR custody. Consequently, Plaintiffs' motion to modify the class by expanding the definition to include all UACs in ORR custody in appropriate under Rule 23(b)(2).

## CONCLUSION

The Court should deny Plaintiffs' motion to modify the class for further proceedings. As discussed, Plaintiffs cannot show the expanded putative class meets the requirements for class certification under Rules 23(a) or 23(b)(2) because Plaintiffs cannot show (1) numerosity; (2) commonality; (3) typicality; nor (4) that the identified class representatives adequately represent all of the proposed expanded class. Moreover, Plaintiffs cannot show that Defendants either acted or refused to act on grounds that apply generally to the expanded putative class, or that injunctive or declaratory relief would apply to the class as a whole if expanded as requested in Plaintiffs' instant motion. Consequently, Defendants respectfully request this Court should deny their motion to modify its previous order granting provisional class certification.

16

DATED: December 9, 2025                    Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General
                                           Civil Division

                                           DREW ENSIGN
                                           Deputy Assistant Attorney General

                                           SARAH WELCH
                                           Counsel to the Assistant Attorney General

                                           GLENN M. GIRDHARRY
                                           Acting Deputy Director
                                           Office of Immigration Litigation

                                           MCKENNA N. RACKLEFF
                                           Trial Attorney

                                           */s/ Joshua A. Clem*
                                           JOSHUA A. CLEM
                                           AR Bar No. AR2023202
                                           Trial Attorney
                                           Office of Immigration Litigation
                                           Civil Division
                                           U.S. Department of Justice
                                           P.O. Box 868, Ben Franklin Station
                                           Washington, DC 20044
                                           Phone: (202) 253-6762
                                           Email: Joshua.Clem2@usdoj.gov

                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system to all counsel of record.

DATED: December 9, 2025                                  Respectfully submitted,

                                                         */s/ Joshua A. Clem*
                                                         Trial Attorney
                                                         U.S. Department of Justice

18