## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.G.M.L., *et al*., | |
| Plaintiffs, | |
| vs. | |
| KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*, *et al*., | Case No. 1:25-cv-02942 (TJK) |
| Defendants. | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

Defendants respectfully move this Court to dismiss Plaintiff's First Amended Complaint, ECF No. 64, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This motion is based on the below memorandum of points and authorities in support of the motion and oral argument, as needed.

DATED: December 19, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General

SARAH WELCH
Counsel to the Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

JOSHUA A. CLEM
Trial Attorney

*/s/ McKenna Rackleff*
McKENNA RACKLEFF
(ID Bar No. 12028)
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box. 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4525
Email: McKenna.Rackleff@usdoj.gov

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ............................................................................................... 1

BACKGROUND ................................................................................................. 2

STANDARD OF REVIEW ..................................................................................... 3

   I.   Rule 12(b)(1) ............................................................................................. 3

   II.  Rule 12(b)(6) ............................................................................................ 4

ARGUMENT .................................................................................................... 5

   I.   The Non-Guatemalan Plaintiffs Lack Justiciable Claims. ............................. 6

   II.  The Court Should Dismiss the APA Claim Under Rule 12(b)(6). ..................... 7

   III.   The Court Should Dismiss the Remaining Statutory Claims Under Rule 12(b)(6)...... 11

      A.  Ultra Vires Review Is Unavailable Because Each Claim Is Either Reviewable Under the APA or Expressly Barred By Statute. ........................................................... 12

      B.  Plaintiffs Would Fail to State a Claim Even If Non-Statutory Review Were Available.. 13

   IV.  Plaintiffs Fail to State Due Process and *Accardi* Doctrine Claims in Counts III and IV. 15

CONCLUSION.................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Fed. of Labor and Congress of Indust. Orgs. v. Dep't of Labor,*
  778 F. Supp. 3d 56 (D.D.C. 2025) ............................................................................ 11

*Arab v. Blinken,*
  600 F. Supp. 3d 59 (D.D.C. 2022) .............................................................................. 5

*Arbaugh v. Y&H Corp.,*
  546 U.S. 500 (2006) ..................................................................................................... 4

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .................................................................................................. 4, 5

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................................. 4, 5

*Bennett v. Spear,*
  520 U.S. 154 (1997) .................................................................................................. 8, 9

*Changji Esquel Textile Co. Ltd. v. Raimondo,*
  40 F.4th 716 (D.C. Cir. 2022) ................................................................................... 13

*Cleveland Bd. of Educ. v. Loudermill,*
  470 U.S. 532 (1985) ................................................................................................... 15

*Dart v. United States,*
  848 F.2d 217 (D.C. Cir. 2014) ................................................................................... 11

*DCH Reg'l Med. Ctr. v. Azar,*
  925 F.3d 503 (D.C. Cir. 2019) ................................................................................... 13

*Deakins v. Monaghan,*
  484 U.S. 193 (1988) ..................................................................................................... 3

*Dep't of Educ. v. Brown,*
  600 U.S. 551 (2023) ..................................................................................................... 3

*English v. Dist. of Columbia,*
  717 F.3d 968 (D.C. Cir. 2013) ..................................................................................... 5

*Fed. Express Corp. v. U.S. Dep't of Commerce,*
  39 F.4th 756 (D.C. Cir. 2022) ....................................................................... 11, 12, 13

*Ferreira v. Mayorkas,*
  767 F. Supp. 929 (N.D. Cal. 2025) ............................................................................ 10

*Griffith v. Fed. Labor Relations Auth.,*
  842 F.2d 487 (D.C. Cir. 1988) ................................................................................... 11

*Hemp Indus. Ass'n v. DEA,*
  36 F.4th 278 (D.C. Cir. 2022) ................................................................................ 4, 10

*Herbert v. Nat'l Acad. of Scis.,*
  974 F.2d 192 (D.C. Cir. 1992) ..................................................................................... 4

*Keyhanpoor v. Blinken,*
  633 F. Supp. 88 (D.D.C. 2022) .................................................................................... 5

*Khan v. Blinken,*
  No. 23-cv-3474 (TJK), 2024 WL 2880426 n.6 (D.D.C. June 7, 2024) ...................... 6

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................ 3, 4, 6
*Masroor v. Noem*,
   No. 25-256 (JDB), 2025 WL 2439176 (D.D.C. Aug. 25, 2025) ................ 13
*Mathews v. Eldridge*,
   424 U.S. 319 (1967) ............................................................................... 15
*Mittlem*,
   *an v. Postal Regul. Comm'n*, 757 F.3d 300 (D.C. Cir. 2014) ................ 11
*Norton v. S. Utah Wilderness Alliance*,
   542 U.S. 55 (2004) ................................................................................... 8
*Nyunt v. Chairman, Broadcasting Board of Governors*,
   589 F.3d 445 (D.C. Cir. 2009) ............................................................... 13
*Olim v. Wakinekona*,
   461 U.S. 238 (1983) ............................................................................... 15
*Programs*,
   235 F. Supp. 3d 79 (D.D.C. 2017) ........................................................... 5
*Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*,
   324 F.3d 726 (D.C. Cir. 2003) ................................................................. 8
*Rudder v. Williams*,
   666 F.3d 790 (D.C. Cir. 2012) ................................................................. 4
*Schroer v. Billington*,
   525 F. Supp. 2d 58 (D.D.C. 2007) ......................................................... 11
*Sissel v. U.S. Dep't of Health & Human Servs.*,
   760 F.3d 1 (D.C. Cir. 2014) ............................................................... 5, 10
*Sparrow v. United Air Lines, Inc.*,
   216 F.3d 1111 (D.C. Cir. 2000) ............................................................... 9
*Sw. Airlines Co. v. U.S. Dep't of Transp.*,
   832 F.3d 270 (D.C. Cir. 2016) ............................................................. 8, 9
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ................................................................................. 5
*Texas v. United States*,
   523 U.S. 296 (1998) ................................................................................. 7
*Washington v. DHS*,
   387 F. Supp. 3d 33 (D.D.C. 2019) ........................................................... 8
*Wilkinson v. Legal Servs. Corp.*,
   27 F. Supp. 2d 32 (D.D.C. 1998) ........................................................... 16
*Wood v. Moss*,
   572 U.S. 744 (2014) ................................................................................. 4

## Statutes

5 U.S.C. § 551(13) ........................................................................................ 8
5 U.S.C. § 701 ............................................................................................... 1
5 U.S.C. § 704 ...................................................................................... 7, 8, 9
5 U.S.C. § 706 ......................................................................................... 9, 11
5 U.S.C. § 706(2)(A) ................................................................................... 10

6 U.S.C. § 279(a) ............................................................................................................ 2

6 U.S.C. § 279(b)(1)(H) ........................................................................................... 6, 10

8 U.S.C. §1229c ............................................................................................................. 2

8 U.S.C. § 1101 ......................................................................................................... 1, 14

8 U.S.C. § 1101(a)(47) ................................................................................................. 16

8 U.S.C. § 1158 ............................................................................................................. 14

8 U.S.C. § 1229a ....................................................................................................... 3, 14

8 U.S.C. § 1231 ......................................................................................................... 1, 14

8 U.S.C. § 1232 ............................................................................................................... 1

8 U.S.C. § 1252(a)(4) ................................................................................................... 12

## Rules

Fed. R. Civ. P. 12(h)(3) .................................................................................................. 4

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 4, 5, 11

Federal Rules of Civil Procedure 12(b)(1) ........................................................... 1, 4, 7

## Regulations

8 C.F.R. pts. 208 .......................................................................................................... 16

8 C.F.R. § 208.18(e) ..................................................................................................... 12

8 C.F.R. §§ 236.2–.3 .................................................................................................... 16

25 C.F.R. pt. 410 .......................................................................................................... 16

## INTRODUCTION

The Court should dismiss Plaintiffs' Complaint in its entirety under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Some Plaintiffs lack standing to raise their claims. And all Plaintiffs fail to state a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232, the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*, and the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), 8 U.S.C. § 1231 note.

Plaintiffs challenge Defendants' parental reunification plan and efforts through a patchwork of statutory, constitutional, and non-statutory theories, but the First Amended Complaint fails at multiple and independent thresholds. *First*, the two non-Guatemalan named Plaintiffs lack justiciable claims because they face no risk of reunification with parents in Guatemala and any claims regarding possible future action with respect to other countries are not ripe. *Second*, Plaintiffs' APA claim fails to identify a reviewable final agency action with respect to any country other than Guatemala and fails to plausibly allege a violation of the APA's substantive or procedural standards even with respect to Guatemala. *Third*, although Plaintiffs cite various immigration statutes and allege that Defendants' actions violate those provisions, they lack a cause of action because the First Amended Complaint non-statutory *ultra vires* claims are not available here and Plaintiffs would fail to properly plead a non-statutory *ultra vires* theory even if such claims were available. *Finally*, Plaintiffs' last two claims fail because allegations of statutory or regulatory noncompliance do not, absent more that Plaintiffs fail to allege, state a violation of the Fifth Amendment. For all of these reasons, Plaintiffs' First Amended Complaint should be dismissed.

**BACKGROUND**

The Office of Refugee Resettlement ("ORR") within the Department of Health and Human Services ("HHS") has the responsibility for functions under the immigration laws of the United States with respect to "the care of unaccompanied alien children" in the United States. 6 U.S.C. § 279(a). As part of ORR's functions, it has the responsibility for "reuniting unaccompanied alien children with a parent abroad in appropriate cases." *Id.* § 279(b)(1)(H). In coordination with other federal agencies, ORR has exercised this authority in the past, including to reunite UACs with parents in Mexico, the United Kingdom, and other countries. Salazar Decl. ¶ 8, ECF No. 35-1.[1]

Earlier this year, the government sought to reunify certain UACs from Guatemala with their parents in Guatemala, in a Guatemala-specific action. FAC ¶¶ 65-66, 70; *see also* Salazar Decl. ¶¶ 3, 6-7, 10. Plaintiffs initially filed this case to challenge that Guatemala-specific action and obtained a temporary restraining order and preliminary injunction against that action. *See* Compl., ECF No. 1; Minute Order of Aug. 31, 2025; ECF No. 48. The Court also provisionally certified a "class consisting of all unaccompanied alien children from Guatemala in (and who will be in) ORR custody who have not received a final order of removal or . . . permission to voluntarily depart under 8 U.S.C. §1229c and applicable regulations[]" under Rule 23(b)(2). ECF No. 49 at 14. In doing so, this Court declined to certify a broader class "covering unaccompanied alien children from all non-contiguous countries in ORR's custody." *Id*. at 24.

On October 14, 2025, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 64. In addition to challenging the Guatemala-specific action earlier this year, the FAC adds two new plaintiffs from countries other than Guatemala and alleges, "[u]pon information and belief,"

---

[1]     The government cites materials outside the operative complaint only by way of background and acknowledges that the resolution of this motion to dismiss depends solely on the allegations in Plaintiffs' First Amended Complaint.

that "Defendants are taking steps to prepare to expel unaccompanied children in ORR custody from countries other than Guatemala." Plaintiffs also moved to certify a broader class, covering all UACs from all countries who would enter ORR custody at any point in the future who are not subject to a final order of removal or a grant of voluntary departure. ECF No. 65.

Based on these allegations, the FAC pleads eight counts. Count VIII alleges that Defendants violated the APA in various ways. Counts I through VII do not identify a cause of action but allege that Defendants violated various statutes (Counts I, II, and V through VII), due process (Count III), and the *Accardi* doctrine (Count IV).

Plaintiffs seek an order declaring that they are entitled to removal proceedings under 8 U.S.C. § 1229a as prescribed by the TVPRA, INA, and Fifth Amendment. FAC, Prayer for Relief at 30. Plaintiffs also seek an order declaring Plaintiffs are "entitled to adequate notice and an opportunity to respond before being expelled from the United States." *Id.* Last, Plaintiffs seek an injunction barring the government from "transferring Plaintiffs or any other class member from the United States." FAC, Prayer for Relief at 29.

## STANDARD OF REVIEW

### I.    Rule 12(b)(1)

A federal court's "authority under the Constitution is limited to resolving 'Cases' or 'Controversies.'" *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023) (quoting U.S. Const. Art. III, § 2). The doctrine of Article III standing is "an essential and unchanging part of [this] case-or-controversy requirement." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Federal courts may only adjudicate "actual ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). To establish standing: "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b)

'actual or imminent, not conjectural or hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* at 561. A court considering a Rule 12(b)(1) motion must accept as true the complaint's uncontroverted material factual allegations. *Hemp Indus. Ass'n v. DEA*, 36 F.4th 278, 281 (D.C. Cir. 2022). However, "construing a complaint liberally in the plaintiff's favor does not entail accepting inferences unsupported by facts or legal conclusions cast in the form of factual allegations." *Id.* at 288 (cleaned up). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). Absent subject matter jurisdiction over a case, the court must dismiss it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006); Fed. R. Civ. P. 12(h)(3).

## II.    Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 572 U.S. 744, 757–58 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," but "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also Rudder v. Williams*,

4

666 F.3d 790, 794 (D.C. Cir. 2012). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action" to provide "grounds" of "entitle[ment] to relief," *Twombly*, 550 U.S. at 555 (alteration in original), and "nudge[ ] [the] claims across the line from conceivable to plausible," *id.* at 570. Thus, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact. *Twombly*, 550 U.S. at 555; *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014) (in considering Rule 12(b)(6) motion, the "court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor, but is not required to accept the plaintiff's legal conclusions as correct" (internal citations omitted)). In addition, courts may "ordinarily examine" other sources "when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also English v. Dist. of Columbia*, 717 F.3d 968, 971 (D.C. Cir. 2013).

## ARGUMENT[2]

---

[2]    Because Defendants move to dismiss on threshold legal issues that require no record review, the filing of a certified list of the contents of an administrative record under LCvR 7(n) is unnecessary. *See Arab v. Blinken*, 600 F. Supp. 3d 59, 66 n.2 (D.D.C. 2022) ("[T]he general practice in this Court [is] to waive compliance with Local Civil Rule 7(n) … [when] 'the administrative record is not necessary for [the court's] decision.'") (citing cases); *Carroll v. Off. of Fed. Cont. Compl. Programs*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (stating that because LCvR 7(n) "is intended to assist the Court in cases involving a voluminous record" that the 7(n) list "is immaterial" where the complaint or attached documents are sufficient to resolve a motion to dismiss). Even if the Court concludes that the 7(n) list is required, Defendants request that the

## I.    The Non-Guatemalan Plaintiffs Lack Justiciable Claims.

At the outset, at least two named Plaintiffs—H.E.B. and L.G.M.S.—should be dismissed because they lack justiciable claims. Plaintiffs bear the burden to establish their standing to bring this action, including showing that the challenged parental reunification plan causes them concrete injury and that a decision in their favor would redress their injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). H.E.B. and L.G.M.S. lack standing to challenge the Guatemala-specific action challenged in the complaint. And any claims they could press about possible future actions that could return them to their own home countries are not yet ripe.

**Standing.** First, H.E.B. and L.G.M.S. plainly lack standing to challenge the reunification of Guatemalan UACs with their parents. That action was specific to Guatemala. FAC ¶¶ 65–66, 70. Plaintiffs offer no allegation that could place H.E.B. and L.G.M.S. at any risk of reunification with parents in Guatemala, when they plainly allege that all the children the government sought to return to Guatemala were from Guatemala and that H.E.B. and L.G.M.S. are not from Guatemala. FAC ¶¶ 20–21, 65–66. H.E.B. and L.G.M.S. thus suffered no concrete injury from the Guatemala-specific action and lack standing to challenge it. *Lujan*, 504 U.S. at 560–61.

H.E.B. faces an additional standing problem that bars her from being able to raise any of the claims in this lawsuit: She is from Honduras, but she has "no parents or caregivers who could care for her in Honduras." FAC ¶ 21. With no parent or legal guardian abroad, 6 U.S.C. § 279(b)(1)(H), H.E.B. can face no prospect of reunification with such a parent or legal guardian and thus lacks standing to challenge that nonexistent prospect.

Court waive compliance consistent with the foregoing. *Cf. Keyhanpoor v. Blinken*, 633 F. Supp. 88, 90 n.1 (D.D.C. 2022); *Khan v. Blinken*, No. 23-cv-3474 (TJK), 2024 WL 2880426, *5 n.6 (D.D.C. June 7, 2024).

**Ripeness.** In addition to lacking standing to challenge the Guatemala-specific action, H.E.B. and L.G.M.S. lack justiciable claims regarding any possible future actions regarding other countries. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation modified). In a handful of paragraphs, the FAC gestures toward the possibility of future actions. FAC ¶¶ 82–88. Unlike Guatemala, Plaintiffs allege no existing agency policy, action, or announcement that they seek to challenge with respect to any other country. *See id.* Those allegations fall short of establishing a concrete risk of future actions specific to other countries. Where plaintiffs fail to allege enough about hypothetical future actions to supply any "idea whether or when such [an action]" could occur, "the issue is not fit for adjudication." *Texas*, 523 U.S. at 300.

For these reasons, the Court should dismiss Plaintiffs H.E.B. and L.G.M.S. under Fed. R. Civ. P. 12(b)(1) because they lack standing to challenge the Guatemala action and because their claims about hypothetical future actions regarding other countries are not ripe.

## II.    The Court Should Dismiss the APA Claim Under Rule 12(b)(6).

Plaintiffs' APA claim fails to state a claim upon which relief can be granted for multiple reasons. *First*, Plaintiffs label Defendants' alleged "decision to summarily expel" as final agency action, but plead no facts showing discrete, consummated agency action with legal consequences with respect to their claims regarding countries other than Guatemala, as required by 5 U.S.C. § 704. *Second*, the FAC further collapses multiple, distinct theories of relief under § 706 into a singular conclusory count—asserting arbitrary and capricious action, constitutional violations, excess of authority, and procedural defects—without pleading facts sufficient to satisfy the elements of any one provision. *Third*, to the extent Plaintiffs assert a procedural APA claim, they

fail to identify any statute or regulation requiring specific procedures. *Fourth*, although Plaintiffs suggest that Defendants assumed authority they did not have, the FAC does not allege that Defendants lacked statutory authority to act. Rather, the FAC alleges, at most, that Defendants exercised delegated authority in an allegedly unlawful manner. Absent a properly pleaded final agency action and a plausible violation of the APA, Plaintiffs' request to set aside agency action under § 706 fails as a matter of law.

The APA limits judicial review to only "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Although finality itself is not jurisdictional, "there is no doubt that [plaintiffs] would lack a cause of action under the APA" without it. *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003). The "final agency action" requirement involves two discrete inquiries. First, Plaintiffs must identify an "agency action." The APA defines "[a]gency action" to "include[ ] the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). "'[A]s their definitions make clear,'" "[t]he five listed categories—and their equivalent or the denial thereof—all 'involve circumscribed, discrete agency actions[.]'" *Citizens for Responsibility and Ethics in Washington v. DHS*, 387 F. Supp. 3d 33, 48–49 (D.D.C. 2019) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004)). Second, agency action is final if (1) it "marks the consummation of the agency's decisionmaking process" and is not "of a merely tentative or interlocutory nature"; and (2) it is an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (cleaned up). The challenged action "must satisfy both prongs of the *Bennett* test to be considered final." *Sw. Airlines Co. v. U.S. Dep't of Transp.*, 832 F.3d 270, 275 (D.C. Cir. 2016). Here, neither of these factors is satisfied.

*First*, Plaintiffs have failed to state an APA claim with regard to any country other than Guatemala because they do not plausibly allege a discrete, final agency action subject to judicial review with respect to any country other than Guatemala. The FAC labels Defendants' alleged "decision to summarily expel from the United States unaccompanied children without an executable final order of removal or grant of voluntary departure" as the final agency action they challenge. FAC ¶ 128. As they allege elsewhere, that agency action was specific to Guatemala. FAC ¶¶ 65–66. The FAC includes no allegations identifying a final agency decision or consummated action to undertake parental reunification with respect to any country. They thus likewise do not identify the decisionmaker, the form of the action, or how that action determined rights or obligations or produced legal consequences. *See Bennett*, 520 U.S. at 177–78; *see also Sw. Airlines Co.*, 832 F.3d at 275. Absent factual allegations demonstrating or even suggesting finality within the meaning of 5 U.S.C. § 704, Plaintiffs have not identified any reviewable agency action with respect to any country other than Guatemala.

*Second*, even with respect to Guatemala, the APA claim fails because it impermissibly collapses multiple, distinct theories of relief under 5 U.S.C. § 706 in a single conclusory paragraph. *See* FAC ¶ 129. In this paragraph, Plaintiffs invoke arbitrary and capricious review, constitutional violations, action in excess of statutory authority, and procedural defects, without separating these theories or pleading facts sufficient to satisfy the elements of one provision. Each subsection of § 706 imposes different legal standards, and Plaintiffs' undifferentiated invocation of all of them fails to satisfy Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." While these rules emphasize brevity in pleadings, they also aim to ensure that defendants are provided "a fair notice of each claim and its basis." *Sparrow v. United*

*Air Lines, Inc.*, 216 F.3d 1111, 1118 (D.C. Cir. 2000). Plaintiffs' summary invocation of the APA warrants dismissal under Rule 12(b)(6).

*Third*, to the extent Plaintiffs assert a procedural APA claim, such a claim also fails as a matter of law. Plaintiffs allege, again in conclusory fashion, that Defendants "failed to follow the procedure required by law[,]" but do not identify any statute or regulation imposing specific procedural requirements applicable to the challenged action, nor do they allege how Defendants deviated from such procedures. *See* FAC ¶ 129. A plaintiff asserting a procedural APA violation under § 706(2)(D) must plead the source of the procedural obligation and the manner of compliance. *See Ferreira v. Mayorkas*, 767 F. Supp. 3d 929, 939 (N.D. Cal. 2025) ("The court concludes that the complaint's stray reference to 5 U.S.C. § 706(2)(D) is insufficient to put Defendants on fair and adequate notice that Ferreira was alleging a claim under § 706(2)(D)."). Thus, Plaintiffs' failure to do so is fatal to any claim under § 706(2)(D).

*Fourth*, Plaintiffs also have failed to state an APA claim under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). The FAC alleges that Defendants "abused their discretion[,]" "provided no rationale[,]" and "failed to consider" certain interests. *See* FAC ¶ 129. However, these assertions are unsupported by allegations describing the agency's decision-making process under 6 U.S.C. § 279(b)(1)(H), the factors it considered or was required to consider, or the explanation it provided. Such legal conclusions do not suffice to state a plausible claim under § 706(2)(A), which requires factual allegations permitting a reasonable inference that the agency acted irrationally or contrary to law. *See Hemp Indus. Ass'n*, 36 F.4th at 288; *see also Sissel*, 760 F.3d at 4.

Because Plaintiffs fail to plead a reviewable final agency action with respect to countries other than Guatemala or facts sufficient to state a violation of any provision of the APA, their

request for relief under 5 U.S.C. § 706 necessarily fails. The APA claim should therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

### III.    The Court Should Dismiss the Remaining Statutory Claims Under Rule 12(b)(6).

Through their remaining statutory claims, Plaintiffs attempt to deconstruct and repackage their sole APA claim as multiple *ultra vires* claims. The D.C. Circuit recognizes the availability of non-statutory review—commonly known as an *ultra vires* claim—when a plaintiff is unable to bring a traditional APA challenge. *See Fed. Express Corp. v. U.S. Dep't of Commerce*, 39 F.4th 756, 763 (D.C. Cir. 2022). In the absence of APA review, non-statutory review is only used to determine whether the agency acted *ultra vires* and to reestablish limits on executive authority. *See Am. Fed. of Labor and Congress of Indust. Orgs. v. Dep't of Labor*, 778 F. Supp. 3d 56, 87 (D.D.C. 2025) (citing *Dart v. United States*, 848 F.2d 217, 224 (D.C. Cir. 2014)). Although the availability of non-statutory review has been recognized, it is "quite narrow" even in cases where the statute withheld APA review. *Mittleman v. Postal Regul. Comm'n*, 757 F.3d 300, 307 (D.C. Cir. 2014). Further, non-statutory *ultra vires* review is "a doctrine of last resort" that is "intended to be of extremely limited scope." *Am. Fed. of Labor and Congress of Indust. Orgs.*, 778 F. Supp. 3d at 87 (citing *Schroer v. Billington*, 525 F. Supp. 2d 58, 65 (D.D.C. 2007) (quoting *Griffith v. Fed. Labor Relations Auth.*, 842 F.2d 487, 493 (D.C. Cir. 1988))).

At the outset, *ultra vires* review is only available when judicial review under the APA is precluded. That is simply not the case here. Plaintiffs do not assert that APA review is precluded, but nonetheless apparently attempt to bring multiple *ultra vires* challenges in conjunction with their APA claim. Even if *ultra vires* review were available, Plaintiffs would still fail to plead the elements of an *ultra vires* claim in any of their five statutory counts. For the reasons stated below, the Court should dismiss the remaining *ultra vires* claims under Fed. R. Civ. P. 12(b)(6).

**A.  Ultra Vires Review Is Unavailable Because Each Claim Is Either Reviewable Under the APA or Expressly Barred By Statute.**

Plaintiffs lack a cause of action for their statutory claims because *ultra vires* review is available only when a plaintiff cannot bring a traditional challenge through the APA or another statutory cause of action—for example, when a statute excludes an agency action from "the judicial review sections of the APA." *Fed. Express Corp.*, 39 F.4th at 763. Plaintiffs identify no limitations on APA review for any of their five statutory claims; indeed, they plead an APA claim in Count VIII. Absent a reason they could not have raised each claim as a "contrary to law" APA claim, binding circuit precedent bars Plaintiffs from pleading Counts I, II, V, VI, and VII as non-statutory claims under binding circuit precedent.

Non-statutory *ultra vires* review is unavailable for a different reason for Count VII, which alleges that the government violated the Convention Against Torture ("CAT") and FARRA. *Ultra vires* claims are available only if "there is no express statutory preclusion of all judicial review." *Fed. Express Corp.*, 39 F.4th at 763. Congress has expressly precluded review of CAT and FARRA claims in the district courts by channeling such claims solely to the petition for review process in the courts of appeals. The INA provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of any cause or claim under [CAT]." 8 U.S.C. § 1252(a)(4). Likewise, FARRA confirms that "no court shall have jurisdiction to review . . . any . . . determination made with respect to the application of [CAT] . . . except as part of the review of a final order of removal." § 2242(d), 112 Stat. 2681-822; *see* 8 C.F.R. § 208.18(e). FARRA also bars judicial review of the "regulations adopted to implement [CAT]," and assigns to the Executive alone the duty to design procedures to "implement the obligations of the United States" under that treaty. § 2242(d), 112 Stat. 2681-822. Count VII undoubtedly raises a "cause or claim" under CAT and FARRA. 8 U.S.C. § 1252(a)(4).

And there is no question that Plaintiffs' lawsuit arises outside the petition for review process in the courts of appeals. This claim accordingly must be dismissed because Congress barred the Court from adjudicating it, under the APA or otherwise. And if the Court were to conclude that the CAT and FARRA bars do not apply, then it still must dismiss Count VII because Plaintiffs could have brought the claim under the APA. Accordingly, Plaintiffs lack a non-statutory cause of action.

### B.   Plaintiffs Would Fail to State a Claim Even If Non-Statutory Review Were Available.

Even if non-statutory *ultra vires* review were available, Counts I, II, V, VI, and VII would still fail because Plaintiffs fail to sufficiently plead the elements of a non-statutory *ultra vires* claim. *Ultra vires* claims require allegations that "the agency plainly act[ed] in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory[.]" *Nyunt v. Chairman, Broadcasting Board of Governors*, 589 F.3d 445, 449 (D.C. Cir. 2009) (internal quotation marks and citation omitted); *see also Fed. Express Corp.*, 39 F.4th at 763 ("FedEx seeks non[-]statutory review…on the ground that the agency has acted patently in excess of its statutory authority."); *Changji Esquel Textile Co. Ltd. v. Raimondo*, 40 F.4th 716, 722, 725 (D.C. Cir. 2022) ("For an agency to act *ultra vires*, it must transgress 'clear and mandatory' limits that Congress has imposed on its authority.") (quoting *DCH Reg'l Med. Ctr. v. Azar*, 925 F.3d 503, 509 (D.C. Cir. 2019)); *see also Masroor v. Noem*, No. 25-256 (JDB), 2025 WL 2439176, at * 3 (D.D.C. Aug. 25, 2025).

Plaintiffs fail to satisfy these requirements for any of their claims because they do not plead a lack of agency authority in any of those counts. Instead, Count I alleges that "Plaintiffs and other class members are legally entitled to pursue claims of asylum and other immigration relief through removal proceedings." FAC ¶ 104. Count II similarly alleges that parental reunification abroad prior to conclusion of removal proceedings "impedes rather than encourages access to legal

counsel as the TVPRA requires[,]" FAC ¶ 107, and "violates [the government's] legal obligation to ensure that children in removal proceedings have lawyers." FAC ¶ 108. The remaining counts likewise do not allege that the government acted in excess of its authority. Under Count V, Plaintiff alleges Defendants violated the INA writ large, 8 U.S.C. § 1101, *et seq.*, by "plan[ning] to expel [UACs] without allowing them to complete removal proceedings." *Id.* ¶¶ 115–18. Under Count VI, Plaintiffs allege "Defendants' actions and threatened actions toward Plaintiffs and other class members violate[] their statutory right to seek asylum" under 8 U.S.C. § 1158. *Id.* ¶¶ 119–21. And under Count VII, Plaintiffs allege the government violated FARRA, codified at 8 U.S.C. § 1231 note, by failing to "provide adequate safeguards to ensure [Plaintiffs] are not returned to a country where it is more likely than not that they would face torture." *Id.* ¶¶ 122–24.

Again, Plaintiffs fail to properly raise or plead an *ultra vires* claim based on alleged violations of 8 U.S.C. §§ 1229a and 1158. Plaintiffs cite these provisions and assert that Defendants' actions deprived them of removal proceedings under § 1229a and the opportunity to seek asylum under § 1158, but they never allege on the face of their complaint that Defendants acted outside the scope of authority delegated by Congress. Instead, Plaintiffs rely on implication, inviting the Court and Defendants to read between the lines and infer an *ultra vires* theory from bare statutory citations and allegations of statutory violations. But, again, a claim cannot be pleaded by implication. Challenging the way the government exercised its authority is not the same as challenging the existence of that authority. Because Plaintiffs allege only that Defendants' parental reunification plan violates statutory requirements governing the exercise of that authority, Plaintiffs do not allege any *ultra vires* claims under the INA on the face of their complaint in their five statutory counts.

**IV.    Plaintiffs Fail to State Due Process and *Accardi* Doctrine Claims in Counts III and IV.**

Plaintiffs' constitutional and *Accardi* claims fail for the same reason: neither states a cognizable claim independent of Plaintiffs' alleged statutory and regulatory grievances. Although styled as violations of the Fifth Amendment and the *Accardi* doctrine, these counts rest entirely on assertions that Defendants failed to comply with statutory or regulatory procedures governing removal. Because allegations of statutory noncompliance do not, without more that Plaintiffs fail to allege, give rise to a constitutional due process claim or an *Accardi* violation, both counts fail to state a claim and should be dismissed.

*First*, Plaintiffs' Fifth Amendment Due Process claim fails to state a claim upon which relief can be granted. Plaintiffs allege that Defendants denied them notice and an opportunity to be heard, but those allegations rest entirely on purported violations of statutory and regulatory procedures. *See* FAC ¶ 111 ("In denying Plaintiffs and other class members meaningful notice, opportunity to be heard, or other basic procedural protections before expulsion, Defendants violate due process."). Where procedural safeguards exist, a plaintiff must plausibly allege that those procedures fall below constitutional minima, not merely that they were inadequately applied or violated. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1967) (Plaintiffs cite but fail to plead facts addressing the balancing test); *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983) ("Process is not an end itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). Plaintiffs do not allege a protected liberty interest or property interest independent of the statutory framework they invoke, nor do they allege that the Constitution requires procedures beyond those set forth by Congress and the agency. Allegations that Defendants failed to comply with statutory process do not state a constitutional due process violation on their own. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)

(finding that the Constitution does not require all procedures that might be deemed desirable or advisable). Because Plaintiffs have not plausibly alleged deprivation of constitutionally required process, their Due Process claim should be dismissed.

*Second*, Plaintiffs' *Accardi* count likewise fails to state a claim. The *Accardi* doctrine applies only where an agency fails to follow a binding regulation governing its own conduct. *See Wilkinson v. Legal Servs. Corp.*, 27 F. Supp. 2d 32 (D.D.C. 1998). Plaintiffs do not identify any particular regulation that Defendants were required, but failed, to follow. Rather, Plaintiffs cite broad regulatory parts, multiple unrelated provisions, and statutory sections, with no allegations of how or why any particular defendant violated any particular regulation in a manner sufficient to state an *Accardi* claim. *See* FAC ¶ 113 (citing 25 C.F.R. pt. 410; 8 C.F.R. pts. 208 (asylum), 240 (voluntary departure), 241 (removal); 8 C.F.R. §§ 236.2–.3 (treatment of minors), 1236.2–.3 (treatment of minors); 8 U.S.C. § 1101(a)(47) (removal)). Plaintiffs' claim merely repackages their APA procedural allegations under a different label. Because Plaintiffs have not plausibly alleged violation of a specific binding agency rule, their *Accardi* claim should be dismissed.

In short, Plaintiffs' due process and *Accardi* claims do not allege violations distinct from their statutory and APA theories. Plaintiffs identify no constitutionally required process beyond the procedures established by statute, and they fail to plead violation of any specific, binding agency regulation sufficient to trigger *Accardi*. Because these claims merely repackage noncompliance under different labels, they fail to state a claim upon which relief can be granted, and Counts III and IV should be dismissed.

## CONCLUSION

For all these reasons, the Court should dismiss Plaintiffs' First Amended Complaint.

DATED: December 19, 2025                    Respectfully submitted,

16

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General

SARAH WELCH
Counsel to the Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

JOSHUA A. CLEM
Trial Attorney

*/s/ McKenna Rackleff*
McKENNA RACKLEFF
(ID Bar No. 12028)
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4525
Email: McKenna.Rackleff@usdoj.gov

*Attorneys for Defendants*

17

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system to all counsel of record.

DATED: December 19, 2025                          Respectfully submitted,

                                                 */s/ McKenna Rackleff*
                                                 Trial Attorney
                                                 U.S. Department of Justice