# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

L.G.M.L., *et al.,*
Plaintiffs,

v.

KRISTI NOEM, *et al.*,
                Defendants.

Case No. 25-cv-2942-TJK

## DECLARATION OF EMILIA BAKOPOULOS

I, Emilia Bakopoulos, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, relating to the above-captioned matter, hereby declare as follows:

1.      I am the Director, Systems Enforcement Analysis and Review (SEAR), Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP), Department of Homeland Security (DHS), in Washington, D.C. As Director, SEAR, I manage a senior law enforcement team at CBP Headquarters which oversees the OFO secondary processing system as well as the analysis and auditing of admissibility cases conducted at ports of entry (POEs). I have served in this role since June 2020. Prior to this role, I was the deputy director of the Enforcement Programs Division (EPD), which oversees admissibility policy development in conjunction with oversight for the processing of travelers seeking entry to the United States at POEs.

2.      I am familiar with the requirements for processing unaccompanied alien children (UACs). CBP OFO processes UACs consistent with the requirements of the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA). I am aware that, under the TVPRA, certain

UACs can be permitted to withdraw their application for admission and return to their country of origin.

3. I am aware of the injunction in *LGML v. Noem*, prohibiting DHS from repatriating any Guatemalan UAC unless he or she has a final order of removal or is granted voluntary departure by an immigration judge. Based on the injunction, EDP instructed the field that OFO should not process any Guatemalan UACs for withdrawal to Guatemala.

4. CBP's systems of record show that from January 20, 2025, to February 20, 2026, there were no Guatemalan UACs processed as Returned Foreign by OFO (i.e., there were no Guatemalan UACs returned to Guatemala by OFO).

5. During processing, UACs who are held in CBP custody are treated with dignity and respect.  CBP policy provides that officers should consider the best interests of the child at all points during processing and repatriation.  Allegations that a UAC was coerced or otherwise mistreated would be investigated and, if substantiated, referred for appropriate disciplinary action.

6. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 10th day of March 2026.

_____
Emilia Bakopoulos
Director
Systems Enforcement Analysis and Review
Admissibility and Passenger Programs
Office of Field Operation
U.S. Customs and Border Protection