# EXHIBIT C

| | |
|---|---|
| **From:** | Kate Talmor |
| **To:** | Clem, Joshua (CIV) |
| **Cc:** | Joseph Mead; Mary McCord; Rupa Bhattacharyya; Rackleff, McKenna (CIV); Welch, Sarah E (CIV) |
| **Subject:** | Re: [EXTERNAL] Position on forthcoming motion to show cause for civil contempt |
| **Date:** | Friday, February 27, 2026 11:48:11 AM |

Josh,

Thank you for your response. We do not feel it is appropriate to identify the specific children discussed in Ms. Fisher Flores's sworn declaration to your clients. As our motion makes clear, these are vulnerable children in the custody of the US government, without their parents, who may have been subjected to intimidation and coercion by CBP agents. We cannot put them at risk of any further mistreatment. We also do not believe there is any obligation to identify these children because, even though they are class members, they are not named Plaintiffs.

In terms of responding to our motion, please note that Plaintiffs' motion does not, at this time, seek sanctions for Defendants' past violations, and instead seeks a finding from the Court that will bring Defendants into compliance with the injunction moving forward. We also have not asked the Court to make any specific findings regarding these children or to order any specific relief for these individuals, separate from the general relief sought to prevent Defendants' continued violations. We recommend that Defendants' response focus on steps they have taken, if any, to prevent violations of the Court's injunction and how Defendants will ensure that violations do not continue. We also suggest that defense counsel can ask their client whether they've given this advisal to Guatemalan children, as the individual child who provided a declaration has had his particular violation corrected by his attorney, which is sufficient correction for his individual case.

As you saw in our motion, we also believe CBP's "voluntary return" policy, as acknowledged by Commissioner Scott, violates the TVPRA as applied to all noncontiguous country unaccompanied minors and will continue asking the Court to expand the class to prevent Defendants' continued violations of the TVPRA as to non-Guatemalan children.

Kate


On Feb 25, 2026, at 6:24 PM, Clem, Joshua (CIV) <Joshua.Clem2@usdoj.gov> wrote:

To clarify my previous email:

Defendants noted that the Motion to Show Cause includes a declaration from one Guatemalan child, ECF no. 74-6, and references are made to eight (8) other UACs from Guatemala who are alleged to have signed withdrawal-of-application forms; however, none of these individuals are identified.

Could class counsel provide the names and A#s of these individuals so that Defendants can investigate the circumstances at issue?

Respectfully,

Josh

---

**From:** Clem, Joshua (CIV)
**Sent:** Wednesday, February 25, 2026 6:11 PM
**To:** Joseph Mead <jm3468@georgetown.edu>; Kate Talmor <kt894@georgetown.edu>; Mary McCord <mbm7@georgetown.edu>; Rupa Bhattacharyya <rb1796@georgetown.edu>
**Cc:** Rackleff, McKenna (CIV) <McKenna.Rackleff@usdoj.gov>; Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov>
**Subject:** RE: [EXTERNAL] Position on forthcoming motion to show cause for civil contempt

Good evening Counsel,

I write to follow up from our previous inquiry in light of Plaintiffs' motion to show cause. Defendants are still unclear whether Plaintiffs' possess any evidence of specific violation(s) of the preliminary injunction. As described in the response below, class counsel indicated they possessed "examples that suggest" a policy applicable to class members that violates the injunction.

Is class counsel able to provide the name(s) or A-number(s) of any individual(s) believed to have been the subject of a specific circumstances that violated the injunction?

As previously indicated, Defendants will investigate any specific allegation of a violation of the preliminary injunction and, if a violation has indeed occurred, take corrective action ensure compliance with the Court's order.

Respectfully,

Josh

**Joshua Clem**
**Trial Attorney**
Civil Division, Office of Immigration Litigation
U.S. Department of Justice
Email Address: Joshua.Clem2@usdoj.gov
Phone: (202) 253-6762

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.

---

**From:** Joseph Mead <jm3468@georgetown.edu>
**Sent:** Tuesday, February 24, 2026 2:02 PM
**To:** Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov>
**Cc:** Kate Talmor <kt894@georgetown.edu>; Rackleff, McKenna (CIV) <McKenna.Rackleff@usdoj.gov>; Clem, Joshua (CIV) <Joshua.Clem2@usdoj.gov>; Mary McCord <mbm7@georgetown.edu>; Rupa Bhattacharyya <rb1796@georgetown.edu>
**Subject:** Re: [EXTERNAL] Position on forthcoming motion to show cause for civil contempt

Hi Sarah,

Thank you for your response. The voluntary departure policy described by Commissioner Scott seems to apply to children from all countries, including Guatemala, and we have examples that suggest that policy is being applied to Guatemalan children. We take from your email that you are not in a position to deny or dispute that the DHS is actively applying that policy to children from Guatemala, so we agree with you that it would not be fruitful to further this meet and confer attempt.

Best,
Joe

On Tue, Feb 24, 2026 at 11:25 AM Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov> wrote:

> Thanks, Kate. Hope things go well today.
>
> Could you clarify if you have evidence regarding children from Guatemala specifically? As you know, the preliminary injunction is specific to the provisionally certified class of children from Guatemala. If you do have evidence regarding children from Guatemala, we request that you provide us with that evidence so that we can assess, investigate, and take any needed corrective action to remain in compliance with the preliminary injunction. If you have

evidence regarding children from Guatemala and don't provide it, we don't think that it's possible to meaningfully meet and confer, as we are in the dark about the basis for the contemplated motion.

Best,
Sarah

**From:** Kate Talmor <kt894@georgetown.edu>
**Sent:** Tuesday, February 24, 2026 7:49 AM
**To:** Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov>
**Cc:** Rackleff, McKenna (CIV) <McKenna.Rackleff@usdoj.gov>; Clem, Joshua (CIV) <Joshua.Clem2@usdoj.gov>; Joseph Mead <jm3468@georgetown.edu>; Mary McCord <mbm7@georgetown.edu>; Rupa Bhattacharyya <rb1796@georgetown.edu>
**Subject:** Re: [EXTERNAL] Position on forthcoming motion to show cause for civil contempt

Sarah,

As mentioned in my email below, I will be out today. If the government wishes to provide a position today in response to our request below, please email my colleagues, Joseph Mead, Rupa Bhattacharyya, and Mary McCord, cc'd here. Thank you,

Kate Talmor

> On Feb 23, 2026, at 2:14 PM, Kate Talmor <kt894@georgetown.edu> wrote:
>
> Sarah,
>
> As stated in my initial email, Commissioner Scott's letter evidences that Defendants are systematically violating the Court's injunction. The certified class includes "all unaccompanied alien children from Guatemala who are or will be *in the custody of Defendants* and who (1) are not subject to an executable final order of removal and (2) have not been permitted to voluntarily depart under 8 U.S.C. 1229c and applicable regulations." And the injunction forbids Defendants "from transferring, repatriating, removing, or otherwise

facilitating the transport of any Plaintiff—including both named Plaintiffs and all members of the provisionally certified class—from the United States." Commissioner Scott's letter admits that his agency is subjecting newly arrived unaccompanied children from *noncontiguous* countries to expedited "voluntary" return, without ever entering ORR custody. This practice constitutes a direct violation of the Court's injunction when applied to Guatemalan unaccompanied minors, and violates the TVPRA when applied to children from other noncontiguous countries. The additional evidence we have gathered demonstrates that CBP agents are using coercion, threats, and fear to persuade children to sign paperwork purportedly accepting voluntary return, which supports the need for exigency in curbing these violations. But that evidence is not needed to show that Defendants are violating the injunction —Commissioner Scott's letter acknowledging this practice suffices for that purpose.

If Defendants take the position that the practice discussed in Commissioner Scott's letter is permitted by the Court's injunction, we do not believe the parties will be able to work this out between them. **Can you please provide Defendants' position on the practice described herein, which is the basis for our forthcoming motion?** Unfortunately I will be out all day tomorrow for a medical procedure, but if you still feel it would be fruitful to discuss, I can jump on the phone throughout the remainder of today. As explained below, we believe it is important to bring this matter to the Court's attention promptly.

Kate Talmor

> On Feb 23, 2026, at 11:18 AM, Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov> wrote:
>
> Hi Kate,
>
> You mention below that you have been compiling evidence of violations. All we have from you so far is a

letter from December, which as far as we can tell doesn't suggest any violations of the preliminary injunction in this case, nor are our clients aware of any violations. Our clients are of course willing to look at any evidence you have and make any changes or corrective actions needed to ensure they are continuing to comply with the preliminary injunction, and we suggest that is likely to be a much quicker process than going to the court. But our clients can't investigate claims that there is evidence they are violating the preliminary injunction, or take corrective actions for any violations if needed, if you don't provide the evidence. Will you provide us with the evidence you reference below so that our clients can investigate and take any needed corrective actions?

Some members of our team could meet with you tomorrow morning, so let us know your availability then if you would still like to discuss.

Best,
Sarah

**From:** Kate Talmor <kt894@georgetown.edu>
**Sent:** Saturday, February 21, 2026 9:25 AM
**To:** Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov>
**Cc:** Rackleff, McKenna (CIV) <McKenna.Rackleff@usdoj.gov>; Clem, Joshua (CIV) <Joshua.Clem2@usdoj.gov>
**Subject:** Re: [EXTERNAL] Position on forthcoming motion to show cause for civil contempt

Sarah,

Thank you for your response. Time is of the essence here, unfortunately, because Defendants' ongoing violations are causing concrete harms to vulnerable children every day. Evidence that will accompany our motion shows that CBP agents are using coercion, intimidation, and threats to coerce vulnerable

unaccompanied children from noncontiguous countries, including but not limited to Guatemalan class members, to relinquish their statutory rights and purportedly accept "voluntary return" to their home countries. We are concerned about the number of children that may be being coerced to leave and need to bring this to the Court's attention expediently.

Next Wednesday is a full 6 days after we requested Defendants' position on this matter, which we do not consider a reasonable timeframe to delay this filing. We request that Defendants make someone from your team available to confer on Monday so we can meaningfully discuss before putting this urgent matter before the Court.

Thank you,

Kate Talmor

> On Feb 20, 2026, at 4:49 PM, Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov> wrote:
>
> Hi Kate,
>
> We would find it helpful to discuss. We're not available in the early part of the week, but could meet on Wednesday morning and are flexible on Thursday and Friday. Please let us know your availability.
>
> Best,
> Sarah
>
> ---
>
> **From:** Kate Talmor <kt894@georgetown.edu>
> **Sent:** Thursday, February 19, 2026 12:01 PM
> **To:** Rackleff, McKenna (CIV)

<McKenna.Rackleff@usdoj.gov>; Clem, Joshua (CIV) <Joshua.Clem2@usdoj.gov>; Welch, Sarah E (CIV) <Sarah.E.Welch@usdoj.gov>
**Subject:** [EXTERNAL] Position on forthcoming motion to show cause for civil contempt

Good morning, Counsel,

I write to confer and obtain Defendants' position on a forthcoming motion for an order to show cause why Defendants should not be held in civil contempt in *LGML v. Noem*, No. 25-cv-2942 (DDC).

As you are aware, the Court certified a class of certain unaccompanied Guatemalan children "who are or will be in the custody of Defendants" and enjoined Defendants from "transferring, repatriating, removing, or otherwise facilitating the transport" of those class members from the United States. Plaintiffs' counsel have gathered evidence that Defendants are violating that injunction through a program, admitted in this letter from the current Commissioner of Customs and Border Protection, through which unaccompanied children from noncontiguous countries are expelled from the United States, purportedly through "voluntary return," in contravention of the Court's injunction and the provisions of the TVPRA.

Please let me know Defendants' position on this motion. If you would find it helpful to discuss, I'm happy to set up a call. Thank you for your attention to this matter.

Kate Talmor
Senior Counsel
Institute for Constitutional Advocacy and
Protection, Georgetown Law