### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.G.M.L., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>    *Defendants*. | Case No.: 25-cv-2942-TJK |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this notice of supplemental authority relevant to Plaintiffs' fully briefed Motion for an Order to Show Cause, ECF No. 74.

On April 6, 2026, the U.S. District Court for the Central District of California found that the government's use of the "UAC Processing Pathway Advisal" ("Processing Advisal") violates the terms of a decades-old permanent injunction ensuring certain procedural protections for unaccompanied minors entering government custody. *See* Order Granting Cross-Motion to Modify Injunction, *Perez-Funez v. DHS*, No. CV 81-01457-MWF (Ex), ECF No. 289 (attached as Ex. A). As explained in Plaintiffs' motion, the Processing Advisal is the form (or script, if read to children orally, as often is the case) that U.S. Customs and Border Protection (CBP) has been using to threaten and coerce children into purportedly waiving their rights under the TVPRA and seeking expedited "voluntary return" before being transferred to the Office of Refugee Resettlement, as the TVPRA requires. *See* ECF No. 74 at 3-6. The *Perez-Funez* injunction, originally entered in 1985,

barred agents of what is now the Department of Homeland Security from "attempt[ing] to persuade or dissuade class members when informing them of the availability of voluntary departure."[1]  On April 6, 2026, the district court modified this injunction to bar the Department of Homeland Security "from providing the UAC Processing Pathway Advisal, in written or oral form" to newly encountered unaccompanied minors in its custody. *See* Modified Permanent Injunction, *Perez-Funez v. DHS*, ECF No. 290 (attached as Ex. B). Of particular relevance here, the court "note[d], as a factual matter, that it certainly finds credible" testimony from the same two unaccompanied children that submitted declarations in this matter in support of Plaintiffs' show cause motion. *See Perez-Funez*, ECF No. 289, at 4 (discussing declarations of D.A.T.M. and Y.Y.Z.O.); *see also* ECF No. 74-6 (D.A.T.M. declaration), ECF No. 74-7 (Y.Y.Z.O. declaration). That finding was based in part on the fact that "the Government admitted that it has been providing the Pathway Advisal … since September 2025." *Id.* The court also found it "difficult to imagine a scenario more coercive than the one faced by [unaccompanied children] in the 72 hours before they are transferred into ORR custody, particularly for noncitizen children who likely do not know whether they possess any rights at all," and found the threats contained in the Advisal "obviously coercive." *Perez-Funez*, ECF No. 289, at 4, 8.

The *Perez-Funez* injunction prohibiting Defendants' use of the Processing Advisal does not negate the need for rulings by this Court on Plaintiffs' pending motion. *Perez-Funez* concerns the notice provided to unaccompanied minors entering government custody; its injunction, as modified,

---

[1] *See Perez-Funez v. Dist. Dir., I.N.S.*, 619 F.Supp. 656, 670 (C.D. Cal. 1985).  The class in Perez-Funez encompassed all unaccompanied minors who were or would be in the future taken into the custody by INS agents.  *See Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1985).  In a separate order, also issued April 6, 2026, the California district court also denied the Government's motion to dissolve the *Perez-Funez* injunction.  *See Perez-Funez v. DHS*, No. CV 81-01457-MWF (Ex), ECF No. 288 (attached as Ex. C).

does not prohibit the government from the conduct challenged in Plaintiffs' Motion to Show Cause, *i.e.*, expelling class members from the United States in violation of the Court's injunction. In other words, a ruling prohibiting use of the Processing Advisal or the information contained therein will not necessarily prevent Defendants from continuing to skirt this Court's injunction by seeking to "transfer[], repatriat[e], remov[e], or otherwise facilitat[e] the transport of any Plaintiff—including both named Plaintiffs and all members of the provisionally certified class—from the United States" by coercing children to accept some form of expedited return to their home countries before they have an opportunity to appear before an immigration judge.[2] Plaintiffs thus respectfully contend that the issues presented in their motion remain live, notwithstanding the modified injunction in *Perez-Funez*, and a ruling from the Court is needed to ensure Defendants' compliance with the Court's injunction.

Dated: April 10, 2026                    Respectfully submitted,

/s/  *Kate Talmor*
Kate Talmor (D.C. Bar No. 90036191)
Rupa Bhattacharyya (D.C. Bar No. 1631262)
Mary B. McCord (D.C. Bar. No. 427563)
Joseph W. Mead (D.C. Bar No. 1740771)
Tinesha Zandamela (D.C. Bar No. 90035492)
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown Law
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Tel: (202) 662-9765
Fax: (202) 661-6730
kt894@georgetown.edu
rb1796@georgetown.edu
mbm7@georgetown.edu

---

[2] Indeed, Defendants' opposition to Plaintiffs' motion failed to establish that the government is not violating the Court's injunction on an ongoing basis. *See* ECF No. 77-2 (sworn declaration, submitted in support of Plaintiffs' reply, undermining the veracity of Defendants' declarants). The government has made no attempt to rebut that evidence.

3

4