**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

L.G.M.L. *et al.*,

Plaintiffs,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security, et al.*,

Defendants.

Case No. 1:25-cv-02942 (TJK)

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Honorable Timothy J. Kelly
United States District Judge

Defendants[1] by and through the undersigned counsel, answer Plaintiffs' First Amended Class Action Complaint ("Complaint") (ECF No. 64), according to its numbered paragraphs, as modified by this Court's Order granting in part and denying in part Defendants' Motion to Dismiss (ECF No. 91) and Memorandum Opinion (ECF No. 92), as follows[2]:

**Introduction**

1. Paragraph 1 characterizes Plaintiffs' claims and provides legal conclusions, which require no response. To the extent there are factual allegations which require a response, Defendants deny.

2. Defendants construe Plaintiffs' references to "unaccompanied minors" throughout the Complaint to refer to "unaccompanied alien child[ren]" ( "UAC") as defined in 6 U.S.C. § 279(g)(2). Defendants admit that Plaintiffs were UAC at the time of the filing of the Complaint. Defendants further admit that Defendants identified Plaintiffs for reunification with a parent or legal guardian in Guatemala. The remainder of Paragraph 2 characterizes Plaintiffs' claims and provides legal conclusions, which require no response. To the extent Paragraph 2 includes factual allegations that require a response, Defendants deny.

3. The legal arguments and conclusions in Paragraph 3 require no response and the Homeland Security Act of 2002 (HSA) speaks for itself. To the extent a response to these statements is required, Defendants deny.

4. Defendants admit that on August 30, 2025, at 11:45 PM EST, the Office of Refugee Resettlement of the U.S. Department of Health and Human Services ("ORR") notified care providers that they were to take action to prepare certain UAC identified for reunification with parents or legal guardians in Guatemala for discharge within 2 hours (or 4 hours for children in a foster care program). Defendants admit that certain UAC subsequently were bussed to airports for purposes of this reunification. Defendants admit the notice to care providers was accompanied by an attachment containing a corresponding Notice to Attorney of Record, and required care providers to utilize the

---

[1] *See* Fed R. Civ. P. 25(d) regarding automatic substitution of Defendants.

[2] Defendants answer in accordance with ECF No. 94.

attached notice for immediate dissemination to attorneys of record and child advocates of those UACs who were identified for reunification. Other statements in Paragraph 4 constitute legal conclusions and arguments which require no response. To the extent a response to these statements is required, Defendants deny. Defendants deny all factual assertions in Paragraph 4 except for those specifically admitted above.

5. Defendants admit that on August 31, 2025, United States District Judge Sparkle L. Sooknanan granted a temporary restraining order prohibiting Defendants from "remov[ing] any of the individual Plaintiffs from the United States for 14 days." Defendants deny the remaining allegations in Paragraph 5.

6. Plaintiffs' characterization of the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA) and related statutes is a legal conclusion that requires no response. The statutes cited speak for themselves. To the extent Paragraph 6 contains factual assertions or other assertions requiring a response, Defendants deny.

7. Paragraph 7 characterizes Plaintiffs' claims and provides legal conclusions, which require no response. To the extent there are factual allegation in Paragraph 7 that require a response, Defendants deny.

## **Jurisdiction and Venue**

8. In response to the Complaint as modified by ECF Nos. 91 & 92, the legal conclusions in Paragraph 8 require no response. Defendants reserve all defenses available to them under the United States Constitution, federal statutes, and the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 12(h)(3). Defendants acknowledge the Court's ruling that several of Plaintiffs' claims are either barred from judicial review by statute or must be made through the Administrative Procedure Act. *See* ECF No. 92. To the extent Paragraph 8 includes factual allegations that require a response, Defendants deny.

9. The legal conclusions in Paragraph 9 require no response. Defendants admit that they are agencies and officers of the United States being sued in their official capacity and that this action does not involve real property. To the extent there are additional factual allegations which require a response, Defendants deny.

**Parties**

10. Defendants admit that Plaintiff L.G.M.L. is a Guatemalan UAC who is indigenous and speaks a rare language. Defendants admit that her mother is deceased and that ORR records include disclosure of verbal abuse by family members. Defendants aver that L.G.M.L. is now 11 years old. Defendants deny that L.G.M.L. currently is in ORR custody. Defendants lack sufficient information to form a belief as to the truth of the last sentence in Paragraph 10.

11. Defendants admit that Plaintiff L.M.R.S. is a Guatemalan girl, is a UAC in ORR custody, and that she was previously interviewed by HSI and the Guatemalan Consulate. Defendants aver that L.M.R.S. is now 17 years old and has a 2-year-old daughter who also is in ORR custody. Plaintiff L.M.R.S. was placed in removal proceedings which concluded in September 2026 and she currently has an appeal pending before the Board of Immigration Appeals. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 11.

12. Defendants admit that M.O.C.G. is a Guatemalan boy who is a UAC. Defendants aver that M.O.C.G. is now 17 years old. Defendants deny that M.O.C.G. currently is in ORR custody. Defendants admit that M.O.C.G. was in removal proceedings which were administratively closed. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 12.

13. Defendants admit that H.L.E.C. is Guatemalan woman. Defendants aver that H.L.E.C. is now 18 years old. Defendants deny that H.LE.C. is a UAC currently in ORR custody. Defendants admit that H.L.E.C. was in removal proceedings and that her proceedings were dismissed. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 13.

14. Defendants admit that T.A.C.P. is a Guatemalan man. Defendants aver that he is now 18 years old. Defendants deny that T.A.C.P. is a UAC currently in ORR custody. Defendants aver that T.A.C.P. returned to Guatemala pursuant to an order of voluntary departure. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 14.

15. Defendants admit that M.F.A.P.V. is a Guatemalan woman. Defendants aver that she is now 18 years old. Defendants deny that M.F.A.P.V. is a UAC currently in ORR custody. Defendants

aver that M.F.A.P.V. was in removal proceedings, which were terminated. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 15.

16. Defendants admit that L.F.M.M. is Guatemalan boy that is a UAC. Defendants aver that he is now 17 years old. Defendants deny that he currently is in ORR custody. Defendants aver that L.F.M.M. was in removal proceedings and was issued a final order of removal which he has appealed to the Ninth Circuit Court of Appeals. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 16.

17. Defendants admit that G.A.B.B. is a Guatemalan man. Defendants aver that he is now 19 years old. Defendants deny that he is a UAC currently in ORR custody. Defendants aver that G.A.B.B. was in removal proceedings. Defendants lack sufficient information to form a belief as to the truth of about the remaining factual allegations in Paragraph 17.

18. Defendants admit that A.R.M.D. is a Guatemalan man and speaks a rare language. Defendants aver that he is now 19 years old. Defendants deny that he is a UAC currently in ORR custody. Defendants aver that A.R.M.D. was in removal proceedings. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 18.

19. Defendants admit that M.Y.A.T.C. is a Guatemalan girl, that she is a UAC, and that she is enrolled in community-based education. Defendants aver that she is now 17 years old. Defendants aver that M.Y.A.T.C. was in removal proceedings, which were dismissed. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 19.

20. Defendants acknowledge that the Court dismissed this Plaintiff's claim for lack of jurisdiction. ECF 92, Sec. II(B)(1).

21. Defendants acknowledge that the Court dismissed this Plaintiff's claim for lack of jurisdiction. ECF 92, Sec. II(B)(1).

22. Defendants admit that Plaintiff Young Center for Immigrant Children's Rights is a nonprofit that provides independent child advocates to UAC in federal custody under a contract with ORR. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in Paragraph 22.

23. Defendants admit that Pamela Bondi was Attorney General of the United States, and that Todd Blanche is her successor in office under Federal Rule of Civil Procedure 25. Defendants admit that the Attorney General of the United States is the head of the United States Department of Justice, and that the United States Department of Justice is a cabinet-level department of the United States Government. Defendants admit that the Attorney General is sued in his official capacity. Defendants deny any remaining allegations in Paragraph 23.

24. Defendants admit that Kristi Noem was the Secretary of Homeland Security, and that Markwayne Mullin is her successor in office under Federal Rule of Civil Procedure 25. Defendants admit that the Secretary of Homeland Security is the head of the United States Department of Homeland Security, and that the United States Department of Homeland Security is a cabinet-level department of the United States Government. The legal conclusions in Paragraph 24 require no response and the cited statute is the best evidence of what it states. Defendants admit that the Secretary of Homeland Security is sued in his official capacity. Defendants deny the remaining allegations in Paragraph 24.

25. Admit.

26. Defendants admit that Todd Lyons was the Acting Director of ICE, and that David Venturella, who currently serves as the Senior Official Performing the Duties of the ICE Director, is Mr. Lyons's successor in office under Federal Rule of Civil Procedure 25. Defendants admit that the Director of U.S. Immigration and Customs Enforcement ("ICE") is responsible for ICE's policies, practices, and procedures, including those relating to the detention of aliens during removal proceedings. Defendants admit that the Director of ICE or Senior Official Performing the Duties of Director of ICE is sued in his official capacity.

27. Admit.

28. Defendants admit that Marco Rubio is the Secretary of State of the United States. Defendants admit that the U.S. Department of State is a cabinet-level Department of the United States Government. Defendants admit that the Secretary of State of the United States is sued in his official capacity.

29. Admit.

30. Admit.

31. Defendants admit that the U.S. Department of Health and Human Services ("HHS") is a cabinet-level Department of the U.S. Government that includes ORR, which is responsible for coordinating and implementing the care and placement of UAC who are in United States Government custody by reason of their immigration status. Defendants aver that ORR is responsible for UAC, as defined in 6 U.S.C. § 279(g)(2), transferred to its care and custody, but deny that ORR is responsible for "unaccompanied minors" more generally.

32. Defendants admit that ORR is subagency of HHS that has responsibility for coordinating and implementing the care and placement of UAC who are in United States Government custody by reason of their immigration status. Defendants aver that ORR is responsible for UAC, as defined in 6 U.S.C. § 279(g)(2), transferred to its care and custody but deny that ORR is responsible for unaccompanied minors more generally.

33. Defendants admit that Angie Salazar is the Acting Director of ORR, that she oversees the care and placement of UAC transferred to ORR by reason of their immigration status, and that she is sued in her official capacity. Defendants aver that ORR is responsible for UAC, as defined in 6 U.S.C. § 279(g)(2), transferred to its care and custody but deny that ORR is responsible for unaccompanied minors more generally. Defendants admit that the Acting Director of ORR is sued in her official capacity.

**Asylum Process**

34. Paragraph 34 contains legal conclusions and arguments that require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 34 contains factual assertions or other assertions requiring a response, Defendants deny.

35. Paragraph 35 contains legal conclusions and arguments that require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 35 contains factual assertions or other assertions requiring a response, Defendants deny.

36. Paragraph 36 contains legal conclusions and arguments that require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 36 contains factual assertions or other assertions requiring a response, Defendants deny.

37. Paragraph 37 contains legal conclusions and arguments which require no response. The statutes cited speak for themselves and are the best evidence of what they state. To the extent Paragraph 37 contains factual assertions or other assertions requiring a response, Defendants deny.

38. Paragraph 38 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 38 contains factual assertions or other assertions requiring a response, Defendants deny.

39. Paragraph 39 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 39 contains factual assertions or other assertions requiring a response, Defendants deny.

40. Paragraph 40 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 40 contains factual assertions or other assertions requiring a response, Defendants deny.

**Access to Counsel**

41. Paragraph 41 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 41 contains factual assertions or other assertions requiring a response, Defendants deny.

**Safe Repatriation**

42. Paragraph 42 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent Paragraph 42 contains factual assertions or other assertions requiring a response, Defendants deny.

43. Paragraph 43 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

44. Paragraph 44 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

45. Paragraph 45 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

46. Paragraph 46 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

**Exclusive ORR Custody**

47. Paragraph 47 contains legal conclusions and arguments which require no response. The statutes cited speak for themselves and are the best evidence of what they state. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

48. Paragraph 48 consists of statements or legal conclusions to which no response is required. Further, quoted language from the Federal Register and Congressional Record are the best evidence of what they state. To the extent a response is required, Defendants admit that ORR promulgated the "Foundational Rule" in 2024 and previously has indicated it is not a law enforcement agency. Defendants admit that ORR's focus is on promoting the health, well-being, and stability of refugees, unaccompanied alien children, and other eligible individuals and families. Defendants admit that immigration enforcement is one core statutory function of DHS. *See, e.g.*, 6 U.S.C. §§ 111, 202. To the extent a response to other statements aside from those explicitly answered within this paragraph is required, Defendants deny.

49. Paragraph 49 contains legal conclusions and arguments which require no response. Further, the cited statutes, regulations, and Federal Register text speak for themselves and are the best evidence of what they state. To the extent a response is required, Defendants admit that ORR is responsible for the care and placement of UAC who are in Federal custody by reason of their immigration status, who must be promptly placed in the least restrictive setting that is in the best interest of a child. To the extent a response to other statements aside from those explicitly answered within this paragraph is required, Defendants deny.

50. Paragraph 50 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

51. Paragraph 51 contains legal conclusions and arguments which require no response. The cited Foundational Rule speaks for itself and is the best evidence of what it states. To the extent a response is required, Defendants admit that the Foundational Rule governs the placement, care and services provided UAC in Federal custody by reason of their immigration status and referred to ORR. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

52. Defendants admit their policy and practice is to comply with the TVPRA, the U.S. Constitution, and other relevant statutes. Defendants admit that prior to August 2025 they did not have a specific policy governing the reunification of UAC with their parents abroad pursuant to 6 U.S.C. § 279(b)(1)(B). Defendants deny the remaining allegations in Paragraph 52.

## ***Flores* Settlement Agreement**

53. Defendants admit that the care and custody of minors entering the United States unaccompanied by a parent or legal guardian has been the subject of litigation in federal courts, including *Flores v. Reno*, No. CV 85-4544-RJK(Px) (C.D. Cal. Jan. 17, 1997). Defendants further admit that the Foundational Rule implements terms of the *Flores* Settlement Agreement (FSA). The Foundational Rule is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

54. Paragraph 54 contains legal conclusions and arguments which require no response. The FSA speaks for itself and is the best evidence of what it states. To the extent a response is required, Defendants admit that the FSA was approved in 1997 by a federal judge in the Central District of California and remains, in relevant part, under the supervision of U.S. District Court Judge Dolly M. Gee. Defendants aver that on June 28, 2024, the District Court granted partial termination of the FSA, including most provisions applicable to HHS. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

55. Paragraph 55 contains legal conclusions and arguments which require no response. The statute and regulation cited speak for themselves and are the best evidence of what they state. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

**_Perez-Funez_ Permanent Injunction**

56. Paragraph 56 contains legal conclusions and arguments which require no response. The regulations and case cited speak for themselves and are the best evidence of what they state. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

**Protections for All Noncitizens Under the Immigration and Nationality Act**

57. Paragraph 57 contains legal conclusions and arguments which require no response. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

58. Paragraph 58 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

59. Paragraph 59 contains legal conclusions and arguments which require no response. The regulation cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

60. Paragraph 60 contains legal conclusions and arguments which require no response. The statute and regulation cited speak for themselves and are the best evidence of what they state. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

61. Paragraph 61 contains legal conclusions and arguments which require no response. The statute cited speaks for itself and is the best evidence of what it states. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

62. Paragraph 62 contains legal conclusions and arguments which require no response. The statutes cited speak for themselves and are the best evidence of what they state. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

63. Paragraph 63 contains legal conclusions and arguments which require no response. The statutes and international agreements cited speak for themselves and are the best evidence of what they state. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

64. Paragraph 64 contains legal conclusions and arguments which require no response. The statutes and international agreements cited speak for themselves and are the best evidence of what they state. To the extent this Paragraph contains factual assertions or other assertions requiring a response, Defendants deny.

65. Defendants admit that CNN and the New York Times published reports on August 29, 2025, asserting that the U.S. Government was planning to repatriate Guatemalan children. Defendants admit that some Guatemalan UAC identified had open applications for placement with a sponsor reflecting a wide range of completeness and/or had pending cases before an immigration judge. To the extent this Paragraph contains other assertions requiring a response, Defendants deny.

66. Defendants admit that Guatemalan officials wanted to explore reunification as a pilot. Defendants admit that 327 UAC were identified as eligible for reunification with a parent or legal guardian in Guatemala. Defendants deny that the Government of the United States of America had a legally binding agreement with the Government of Guatemala as alleged in this Paragraph. Defendants further respond that the Government of Guatemala sent a diplomatic note containing unilateral commitments on how any unaccompanied minors transferred to Guatemala from the United States would be received, treated, and processed. The Government of the United States of America did not send a diplomatic note responding to the Government of Guatemala's note and does not consider Guatemala's diplomatic note to be a binding international agreement. To the extent this Paragraph contains other assertions requiring a response, Defendants deny.

67. Defendant admits that the Homeland Security Investigations ("HSI"), a component of Defendant U.S. Immigration and Customs Enforcement ("ICE"), interviewed the named Plaintiff in

Paragraph 11 pursuant to its statutory authority to investigate violations of criminal activity, including human smuggling and human trafficking. Defendants deny all other allegations in Paragraph 67.

68. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 68.

69. Defendants admit that on August 30, 2025, at 11:45 PM EST, ORR sent notices to care providers to notify them of the fact that they had children in their program identified for reunification with parents or legal guardians in Guatemala. The notice called for care providers to take "proactive measures" to ensure that children were prepared for discharge within 2 hours (4 hours if in a foster care program). Defendants deny the remaining allegations in Paragraph 69.

70. Defendants admit that they took steps to begin the reunification of 76 UAC when on August 30, 2025, at 11:45 PM EST notice was sent to care providers to prepare them for discharge within 2 hours (4 hours if in a foster care program). Defendants admit that these efforts extended into August 31, 2025. Defendants aver that ORR's notice to care providers required that they "utilize the attached draft notice to <u>immediately</u> provide notice to the Attorneys of Record and Child Advocates (if one has been appointed) of the identified children." Defendants further aver that ORR provided notice to legal service provider Acacia, which represented some UAC, and that in some cases, counsel for the UAC did make objections. Defendants deny the remaining allegations in Paragraph 70.

71. Defendants admit that on August 30, 2025, at 11:45 PM EST, ORR sent notices to care providers to notify them that they had children in their program identified for reunification with parents or legal guardians in Guatemala. The notice called for care providers to take "proactive measures" to ensure that children were prepared for discharge within 2 hours (4 hours if in a foster care program). Defendants admit that the ORR notice referred to UAC being "transferred to DHS." Defendants deny the remaining allegations in Paragraph 71.

72. Deny. Defendants aver that ORR's notice to care providers required that they "utilize the attached draft notice to <u>immediately</u> provide notice to the Attorneys of Record and Child Advocates (if one has been appointed) of the identified children." Defendants further aver that ORR provided notice to legal service provider Acacia, which represented some UAC, and that in some cases, counsel for the UAC objected. Defendants deny the remaining allegations in Paragraph 72.

73. Defendants lack sufficient information to form a belief as to the truth of the assertions in Paragraph 73.

74. Defendants admit Paragraph 74 but aver that both the initial temporary restraining order and amended temporary restraining orders were limited to a duration of 14 days.

75. Defendants admit that the UAC selected for reunification were transported by bus to airports and their names and identifying information were checked against a flight manifest and/or travel documents for flights to Guatemala. Defendants aver that the temporary restraining orders did prohibit them from transporting from the United States the UAC selected for reunification. Defendants deny the remaining allegations in Paragraph 75.

76. Defendants admit that on August 31, 2025, at 9:17 AM, ORR sent a memorandum to care provider facilities with the subject "DEMAND FOR COMPLIANCE WITH TERMS OF CUSTODY AND CARE." Defendants admit that the memorandum stated, "Negligent or intentional failure to comply with lawful requests from ORR regarding the care of the children in your care facility will result in prompt legal action and may result in civil and criminal penalties and charges, as well as suspension and termination of contractual relations with your facility." Defendants deny any remaining allegations in Paragraph 76.

77. Defendants admit that, following issuance of the temporary restraining order, UAC were required to wait on the airplane. Defendants deny that it took several days to return the UAC to ORR custody and aver that all UAC were returned to ORR custody by September 1, 2025, at 1:30AM ET. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 77.

78. Defendants lack sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 78. Defendants deny the second sentence of this Paragraph.

79. Defendants state that the transcripts of the August 31, 2025 Temporary Restraining Order hearing before Judge Sooknanan and the September 10, 2025 Preliminary Injunction Hearing before Judge Kelly speak for themselves. Defendants acknowledge that an item is on the case docket at ECF No. 40-1 which purports to be a "Report of National Attorney Generals Office of Guatemala" and

that this item was filed by Plaintiffs on September 8, 2025. To the extent Paragraph 79 incorporates other allegations requiring a response, Defendants deny.

80. Deny.

81. Defendants admit that on September 16, 2025, the Government Accountability Project sent a letter to Congress with the subject heading "Protected Whistleblower Disclosure Regarding Violations of Laws, Rules and Regulations and Safety Risks to Children Facing Repatriation to Guatemala." Defendants admit that the letter states that "based on information available in ORR's database for tracking unaccompanied children, that at least 30 and possibly more children who were deemed eligible for imminent return to Guatemala, have indicators of being a victim of child abuse, including death threats, gang violence, human trafficking and/or have expressed fear of return to Guatemala."

**Subsequent Developments**

82. Deny.

83. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 83.

84. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 84. Defendants further aver that immigration court proceedings can be initiated, continued, or discontinued for a multitude of reasons particularized to each specific case. Without more specific identifying information, Defendants have insufficient information to confirm or deny.

85. Deny.

86. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 84. To the extent a response is required, Defendants deny.

87. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 87. To the extent a response is required, Defendants deny.

88. Deny.

**Harm to Plaintiffs**

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

**Class Allegations**

94. The allegations in Paragraph 94 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

95. The allegations in Paragraph 95 consist of Plaintiffs' characterization of their claims, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

96. The allegations in Paragraph 96 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

97. The allegations in Paragraph 97 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

98. The allegations in Paragraph 98 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

99. The allegations in Paragraph 99 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

100. Defendants admit that the proposed class is represented by attorneys from the identified organizations. Defendants lack sufficient information to form a belief as to the truth of the truth of the remaining factual allegations in this Paragraph.

101. The allegations in Paragraph 101 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**First Claim for Relief: TVPRA**

102. Defendants resubmit and reincorporate their answers to Paragraphs 1-101 above.

103. The allegations in Paragraph 103 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

104. The allegations in Paragraph 104 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

105. The allegations in Paragraph 105 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**Second Claim for Relief: Violation of 8 U.S.C. § 1232(c)(5), *et seq.***

106. Defendants resubmit and reincorporate their answers to Paragraphs 1-105 above.

107. The allegations in Paragraph 107 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

108. The allegations in Paragraph 108 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**Third Claim for Relief: Violation of Due Process Under the Fifth Amendment**

109. Defendants resubmit and reincorporate their answers to Paragraphs 1-108 above.

110. The allegations in Paragraph 110 consist of Plaintiffs' legal conclusions, to which no response is required. The relevant Amendment to the United States Constitution is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

111. The allegations in Paragraph 111 consist of Plaintiffs' legal conclusions, to which no response is required. The cited case is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**<u>Fourth Claim for Relief: *Accardi* Doctrine</u>**

112. Defendants resubmit and reincorporate their answers to Paragraphs 1-111 above.

113. The allegations in Paragraph 113 consist of Plaintiffs' legal conclusions, to which no response is required. The cited regulations are the best evidence of what they state. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

114. The allegations in Paragraph 114 consist of Plaintiffs' legal conclusions, to which no response is required. The cited cases are the best evidence of what they state. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**<u>Fifth Claim for Relief: Violation of 8 U.S.C. § 1101, *et seq*.</u>**

115. Defendants resubmit and reincorporate their answers to paragraphs 1-114 above.

116. The allegations in Paragraph 116 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statute is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

117. The allegations in Paragraph 117 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statute is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

118. The allegations in Paragraph 118 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statute is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**<u>Sixth Claim for Relief: Violation of 8 U.S.C. § 1158</u>**

119. Defendants resubmit and reincorporate their answers to paragraphs 1-118 above.

120. The allegations in Paragraph 120 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statute is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

121. The allegations in Paragraph 121 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**Seventh Claim for Relief: Violation of the Foreign Affairs Reform and Restructuring Act of 1998, codified at 8 U.S.C. § 1231 note**

122. Defendants acknowledge that the Court dismissed Plaintiffs' Seventh Claim for lack of jurisdiction. ECF 92, Sec. II(B)(2).

123. Defendants acknowledge that the Court dismissed Plaintiffs' Seventh Claim for lack of jurisdiction. ECF 92, Sec. II(B)(2).

124. Defendants acknowledge that the Court dismissed Plaintiffs' Seventh Claim for lack of jurisdiction. ECF 92, Sec. II(B)(2).

**Eighth Claim for Relief: Violation of the Administrative Procedure Act**

125. Defendants resubmit and reincorporate their answers to Paragraphs 1-124 above.

126. The allegations in Paragraph 126 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statute is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

127. The allegations in Paragraph 127 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statute is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

128. The allegations in Paragraph 128 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statute is the best evidence of what it states. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

129. The allegations in Paragraph 129 consist of Plaintiffs' legal conclusions, to which no response is required. The cited statutes are the best evidence of what they state. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

130. The allegations in Paragraph 130 consist of Plaintiffs' legal conclusions, to which no response is required. To the extent this Paragraph contains factual allegations which require a response, Defendants deny.

**Prayer for Relief**

Paragraphs a. through j. comprise Plaintiffs' prayer for relief, which requires no admission or denial. To the extent a response is required, Defendants deny the allegations in Paragraphs a. through j

and deny that Plaintiffs are entitled to the relief requested or to any relief from Defendants whatsoever. Defendants deny all allegations not specifically admitted, denied, or modified.

**Affirmative Defenses**

Any allegations to which a response is deemed necessary, and which have not been admitted, denied or otherwise responded to herein, are hereby denied. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation. Defendants acknowledge the Court's September 21, 2026 ruling granting in part and denying in part their motion to dismiss (ECF No. 71) and preserve these defenses for further proceedings. Without waiver of their Answer and without conceding any issues regarding burden of proof, Defendants assert the following affirmative defenses:

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.
2. All actions taken by Defendants were grounded in good faith and not in violation of any federal law or the United States Constitution, and no act or action by Defendants has been arbitrary, capricious, an abuse of discretion, in excess of statutory authority, or contrary to law.
3. Plaintiffs are not entitled to equitable relief, injunctive relief, declaratory relief, postponement of effective date of agency action, a set aside of agency action, attorney's fees, costs of suit, or damages whatsoever.

**Defendants' Request for Relief**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of his Complaint, that judgment be rendered in favor of Defendants and against Plaintiffs;
2. That Plaintiffs Complaint and action be dismissed in its entirety as to the Defendants;
3. That the Defendants be awarded their costs and disbursements in defense of this action; and
4. That the Defendants be awarded such other relief as this Court deems proper.

Dated: November 5, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW ENSIGN
Deputy Assistant Attorney General

SARAH WELCH
Counsel to the Assistant Attorney General

JESSICA R. LESNAU
Senior Litigation Counsel
Office of Immigration Litigation

JESSE MONTES
Trial Attorney
Office of Immigration Litigation

*/s/ Eric M. Snyderman*
ERIC M. SNYDERMAN (Va. 99563)
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice

*Attorneys for Defendants*