**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| L.G.M.L. *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security, et al.*,<br><br>Defendants. | ) | Case No. 1:25-cv-02942<br><br>Honorable Timothy J. Kelly<br>United States District Judge |

**PROPOSED PROTECTIVE ORDER**

1. **Scope**. The following terms, conditions, procedures, and restrictions govern the Certified Administrative Record and any other discovery produced by Defendants U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), U.S. Department of Health and Human Services ("HHS"), U.S. Department of State ("State"), and U.S. Department of Justice ("DOJ") in this litigation. The protections conferred by this Order cover Protected Material (as defined below), and: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any portion of testimony, conversations, or presentations by parties or their counsel that reveal Protected Material.

2. **Protected Material.** Protected Material means any documents or portions of documents, revealing:

   a. Information exempted from disclosure under the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or person lawfully

admitted for permanent residence; or covered by Federal Rule of Civil Procedure 5.2;

b. Confidential personal information maintained in case files of class members currently or previously in ORR custody;

c. Any individual's birth date, social security number, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar numbers assigned to an individual by a federal, state, or local government of the United States or government entity of another country if not subject to privilege or other restrictions prohibiting disclosure, excluding unique identifying numbers created for litigation purposes;

d. The names, telephone numbers, and electronic mail addresses of minors, parents of minors, potential sponsors for minors in HHS custody, household members of potential sponsors, and alternate caregivers for sponsor applications;

e. The names, telephone numbers, and electronic mail addresses of employees of the federal government and contractors or grantees, except that the name of an employee is not Protected Material if the employee serves in a senior policymaking role and/or their identity is material to the issues before the Court;

f. Information that is law enforcement sensitive, including information that may be protected from public disclosure under the Freedom of Information

Act, 5 U.S.C. § 552(b)(7), *et seq.*, and is not subject to law enforcement privilege or other restrictions on disclosure; or

g. Information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c), 208.6, and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; (2) petitions for Special Immigrant Juvenile Status under 8 U.S.C. § 1101(a)(27)(J); and (3) information protected from disclosure under 8 U.S.C. § 1367(a)(2).

h. All other protected documents, information, or tangible things not identified above that the parties agree in writing, or the Court orders, qualify for protection under Federal Rule of Civil Procedure 26(c).

3. **Designations**. The Parties may designate Protected Material by labeling it "PROTECTED MATERIAL." The duty of all persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence when the Protected Material is produced or filed in connection with this litigation.

4. It is hereby ORDERED that Defendants may produce (a) documents to other parties that are protected by the Privacy Act, and Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12); and (b) non-privileged documents notwithstanding 8 U.S.C. § 1367 and 8 C.F.R. §§ 208.6 (2020), 244.16, 1003.27(c), 1208.6 (2020), and 1244.16. This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

5. **Access to Protected Material.** The persons covered by this Section 4 shall use the Protected Material only for purposes of this litigation and/or related litigation. [2] Only the following persons shall have access to Protected Material:

a. This Court, this Court's official personnel, and any reviewing appellate court and its personnel;

b. Defendants' Counsel and authorized employees of DHS, HHS, DOJ, DOS and their respective component agencies, with a need to know;

c. Plaintiffs' Counsel, including any attorneys, paralegals, office clerks, secretaries, and other support staff to whom such disclosure Plaintiffs' Counsel deems reasonably necessary.;

d. Class members who are currently or previously in ORR custody, with the understanding that information about a specific individual currently or previously in ORR custody may not be shared with other class members.

e. Legal or subject matter experts and consultants (and the experts' or consultants' staff whose duties and responsibilities require access to such Protected Material) engaged or consulted by Plaintiffs' Counsel to assist in this litigation and/or related litigation. These experts, consultants, and their associated staff shall use the Protected Material only for purposes of this litigation or related litigation and shall execute an acknowledgment in the form of Exhibit A prior to receiving any Protected Material. All acknowledgment forms shall be forwarded to Counsel for Defendants,

---

[2] Related litigation referenced in this Protective Order refers to any litigation that has been related to the instant litigation under Rule 40.5 of the Local Rules of the U.S. District Court for the District of Columbia.

where consistent with the Federal Rules of Civil Procedure, upon execution, or upon any deadline for expert disclosures, whichever is later; and

f. Court reporters and interpreters.

6. **Use of Protected Material before a Court.** Nothing contained in this Protective Order shall be construed to limit use of Protected Material before this Court for the purposes of this litigation or in related litigation. When filing Protected Material with this Court, a party shall request that the Protected Material be filed under seal and/or with redactions and shall provide the opposing party and the Court with an unredacted (revealing the Protected Material) version of the filing at the time of filing. If the need arises for any party to disclose Protected Material in a proceeding in open court or at any hearing, it may do so only after giving notice to Defendants and Plaintiffs as applicable, with such notice to be provided in not less than five (5) business days prior to the hearing except upon a showing of good cause. Either party, after a good faith effort to meet-and-confer, may seek additional relief from the Court. If the Court schedules a hearing to occur less than five (5) business days from the date the hearing is scheduled, or if the Protected Material is produced less than five (5) business days from the date the hearing is scheduled, the notice contemplated by this Section shall be accomplished within twenty-four (24) hours, or as soon as practicable.

7. **Challenge to Designations.** If either party seeks to challenge any Protected Material designation or redaction or seeks to disclose Protected Material to persons not covered by Paragraph 4, the following procedure shall be used:

a. Counsel challenging the designation shall give notice by email specifying the redaction or Protected Material for which such removal is sought and the reasons for the request. The party in receipt of the notice shall, within

five (5) business days of such notice, either remove the designation or send an objection to Counsel by email.

b. If the Parties cannot reach agreement concerning the designation, the party challenging the designation may file a motion with the Court seeking relief. The designated material shall continue to be redacted or treated as Protected Material until the issue is resolved by Order of this Court.

c. Upon request by Counsel for the party challenging the designation, the opposing party shall specify the basis for the designation of "Protected Material" for any particular designation.

8. **Disclosure to Unauthorized Persons.** If Protected Material is disclosed by either party to any unauthorized person through inadvertence, mistake, or otherwise without authorization, the disclosing party shall: (a) use their best efforts to retrieve the disclosed information and all copies thereof; (b) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; and (c) take all reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

9. **Inadvertent Disclosure of Protected Material**. The failure by a party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to opposing counsel of such failure to designate, or of incorrect designation, Counsel shall cooperate to retrieve disseminated copies and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to Paragraph 4 and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or Party shall incur any liability under this

Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

10. **Good Faith Designations**. Plaintiffs and Defendants represent that the parties' designation of Protected Material, the parties' requests to permit further disclosure of Protected Material, and the responses thereto shall be made in good faith and not to impose burden or delay, or for tactical or other advantages in litigation.

11. **Reservation of rights.** Nothing in this Order compels the production or disclosure of privileged material, prevents the producing party from making any objection or claim of privilege, or constitutes an admission or waiver of any claim, privilege, or defense by the producing party. Nothing in this Order waives the parties' rights to challenge any claim, privilege or defense made by the producing party.

12. **Redactions of Privileged Information.** Information contained in any document produced in this litigation and is subject to any legal privilege, including but not limited to attorney client, deliberative process, and law enforcement privileges, will remain redacted after the entry of this Protective Order and Plaintiffs reserve their right to request a privilege log.

13. **Survival and Final Disposition of Designated Material.** Final termination of this litigation, including exhaustion of appellate remedies, shall not terminate the limitations imposed by this Protective Order.

SO ORDERED

Dated: November 23, 2026

Honorable Timothy J. Kelly
United States District Judge

**STIPULATION EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED MATERIAL**

My name is ________________________________ (first, middle initial, last).

I live at _________________________________ (street address), __________________ (city), ____________ (state) ______________ (zip code).

I am employed as a/an _________________ by _______________________ (company), which is located at _________________________________ (street address), __________________ (city), ____________ (state) ______________ (zip code). Its telephone number is ___________________.

I have read the attached Protective Order entered in the action of *L.G.M.L., et al., v. Mullin, et al.*, pending in the District Court for the District of Columbia and bearing Case No. 1:25-cv-02942 and a copy of the Protective Order has been given to me.

I agree to be bound by the terms of the Protective Order.

I agree that I will not disclose or discuss Protected Material with anyone other than the persons described in Paragraph 4 of the Protective Order.

I understand that any disclosure or use of Protected Material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of the Court's Order.

I agree to be subject *in personam* to the jurisdiction of the United States District Court for the District of Columbia in connection with any proceeding concerning an alleged unauthorized (under the Protective Order) disclosure of Protected Material that involves me.

________________ ____________________

DATE SIGNATURE